FORSGREN *v.* MASSEY.

Opinion delivered February 1, 1932.

*Schoonover & Schoonover, Buzbee, Pugh & Harrison* and *Walter L. Pope,* for appellant.

*W. P. Smith, A. J. Cole* and *Jackson & Blackford,* for appellee.

McHANEY, J. Cases Nos. 2291 and 2363 have been consolidated here as they refer to the same controversy. The former is an appeal from a judgment for personal injuries in the sum of $12,500, while the latter is an appeal from an order overruling a motion for a new trial on account of newly discovered evidence.

A reversal of the judgment in 2291 is sought on several grounds: that the court erred in not directing a verdict in appellant's favor at his request, and that error was committed in giving certain instructions requested by appellee and in refusing to give certain others requested by him. In view of the disposition we make of the case in 2363, we think it unimportant to discuss in detail the errors assigned and relied on for a reversal in 2291. Suffice it to say that the evidence, in our judgment, was sufficient to take the question of the negligence of appellant to the jury, and that the court fully and fairly instructed the jury on the questions at issue. We therefore pretermit a further discussion of the alleged errors in case No. 2291. The recovery was based on allegation and proof of an injury to appellee's left hip and back which caused a paralytic condition of the left leg to such an extent that he had totally and permanently lost the use of it; that the nerves therein were dead, and that it was insensible to pain. He appeared in court and in public generally on crutches, dragging his left leg, and both his physicians, and those of appellant who made an examination of appellee during the trial, testified that his leg, in their opinion, was paralyzed and useless, those for appellee stating it was their opinion such condition was permanent, while those for appellant thought nature would gradually restore the nerve structure, both motor and sensory, and that he would eventually recover. There was no testimony contradicting the nature and extent of his injury.

The trial occurred at the January, 1931, term of the court, motion for a new trial was filed and overruled, and thereafter on May 26, 1931, appellant filed an additional motion for a new trial under the seventh subdivision of § 1311 of Crawford & Moses' Digest, which provides that the court may grant a new trial for "Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence have discovered and produced at the trial." See also §§ 1315 and 1316, Crawford & Moses' Digest, for necessary requirements and procedure. The petition or motion complied with these requirements. It alleged that subsequent to the trial two witnesses, Bill Cockrum and his wife, Edith Cockrum, had disclosed to W. J. Schoonover, one of appellant's attorneys, that appellee had not received a serious or permanent injury; that his leg was not paralyzed; that he had been faking such an injury by appearing in public on crutches and dragging his leg as if he had no use of it, whereas, in the privacy of his own home, he discarded his crutches and had the use of said leg the same as if he had never been injured; that said witnesses lived in the same house appellee lived in, they on one side thereof and appellee and his wife on the other, and were in daily contact with him; and that both before and after the trial appellee was able to use said leg to walk, run, drive a car, stand upon it and move about without any perceptible limp.

It was further alleged that said evidence was not available to appellant at the trial nor at any time during the trial or at the January term of court, and could not have been discovered with reasonable diligence, that same was material for appellant in the trial of said cause, and was not cumulative in any sense. It was further alleged that the evidence was discovered when said Bill Cockrum approached said Schoonover at his home after nightfall sometime after the trial, stating that he had been sent by appellee to try to effect a settlement of his judgment for about one-tenth thereof in an attempt to defraud his attorneys; that said Schoonover declined

to make any settlement in the absence of said attorneys, began questioning said Cockrum and elicited from him the above information relative to appellee's condition. Cockrum's affidavit was taken, and later that of Mrs. Cockrum, both of whom stated they would not have disclosed the facts detailed above before the trial to any one. These affidavits, as also that of Mr. Schoonover as to how he obtained the information, were attached to the petition or motion for a new trial, which was filed, docketed as a new case, summons issued, response filed and the case set for trial and was tried at the next term of court. On the trial the deponents above named testified to substantially the same facts herein related, and appellee produced witnesses who testified to the contrary. The court found "that the petitioner has not proved due diligence in the procurement of the newly discovered evidence forming the basis for the petition for new trial, and that said petition should be overruled and denied."

This court has many times held that motions for a new trial on account of newly discovered evidence are addressed to the sound discretion of the trial court, and that this court will not reverse for failure to grant unless an abuse of such discretion is shown. Nor where the newly discovered evidence is cumulative merely. It must be relevant and material to the issue involved in the original case, and of such a character and cogency that might probably change the result, and due diligence must be shown. *Killion* v. *Killion*, 98 Ark. 15, 135 S. W. 452; *Medlock* v. *Jones*, 152 Ark. 57, 237 S. W. 438; *Connor* v. *Bowers*, 184 Ark. 102, 41 S. W. (2d) 977. There can be no question about the relevancy and materiality of this evidence, and it is also true that it is such as might probably change the result. Nor is it cumulative, as contended by appellee. There was no evidence to contradict appellee and the physician witnesses as to the nature and extent of his injuries. In an action for damages for personal injuries there must be both actionable negligence and injury. Appellee's injury was therefore a vital question in the case, as upon it depended the amount

of the recovery. This evidence therefore was highly important, as ''it tended to break down the evidence of appellee'' as to the nature and extent of his injury. *Medlock* v. *Jones, supra.*

The court overruled the motion on the ground that reasonable diligence had not been shown. In this we think the court erred. All that the statute requires is ''reasonable diligence.'' Both witnesses testify they would not have disclosed this evidence before the trial if inquiry had been made of them. No one connected with the case for appellant knew of the existence of these persons or that they lived in the same house with appellee or that they might so testify. No person had any reason to suspect that appellee was a malingerer, and, therefore, had no occasion to inquire of those close to him whether he was faking an injury. On this point we think the case is ruled by *Medlock* v. *Jones, supra.*

Reversed and remanded for a new trial.

MEHAFFY, J., dissents.