MISSOURI PACIFIC TRANSPORTATION COMPANY v. GEORGE.

4-5950 140 S. W. 2d 680

Opinion delivered May 6, 1940.

*House, Moses & Holmes* and *T. J. Gentry, Jr.,* for appellant.

*G. W. Lookadoo* and *J. H. Lookadoo,* for appellee.

SMITH, J. The facts out of which this litigation arose are recited at some length in the majority opinion and at greater length in the dissenting opinion rendered in the case of *Missouri Pacific Transportation Co.*, v. *George*, 198 Ark. 1110, 133 S. W. 2d 37. As appears from those opinions, the plaintiff George recovered a judgment for $15,000, to compensate a personal injury alleged to have been sustained when a bus owned by the defendant transportation company was backed by its driver and employee against plaintiff. The suit was defended upon the ground that the injury did not occur in this manner, and, if so, that plaintiff's negligence contributed to his injury and defeated his right to recover.

The suit was also defended upon the ground that plaintiff had sustained no serious injury. It has at all times been the theory of the defendant transportation company that plaintiff "faked" his injury and was a malingerer.

However, it was the opinion of the majority that these were questions of fact for the jury, and that the testimony viewed in the light most favorable to the plaintiff was legally sufficient to sustain the judgment rendered, and was sufficient also to sustain the amount of the recovery.

After the affirmance of this judgment, a motion for a new trial upon the ground of newly-discovered evidence was filed under the authority of § 1536, Pope's Digest. The procedure to be followed in such cases provided by §§ 1540 and 1541, Pope's Digest, were complied with.

The provisions of these statutes have been frequently invoked, and in their application new trials have been ordered in some cases, and denied in others.

The early case of *Robins* v. *Fowler*, 2 Ark. 133, announced the showing which the complaining party would be required to make to obtain this relief, these being: "1st. The testimony must have been discovered since the trial. 2nd. It must appear that the new testimony could not have been obtained with reasonable diligence

on the former trial. 3d. It must be material to the issue. 4th. It must go to the merits of the case, and not impeach the character of a former witness. 5th. It must not be cumulative.''

The recent case of *Missouri Pacific Transportation Co.* v. *Simon,* 199 Ark. 289, 140 S. W. 2d 129, was, like the instant case, one in which the provisions of § 1536, Pope's Digest, were invoked after the judgment had been appealed to and affirmed by this court, and, in denying that relief, the opinion quoted from the case of *Robins* v. *Fowler, supra,* the language which we have copied.

In support of the motion for a new trial the affidavit of a boy named Claude Denson was offered, which was to the effect that shortly before the accident resulting in plaintiff's injury occurred, he had heard plaintiff say that he was going to "fake" this injury and recover damages from the transportation company.

Much testimony was offered at the trial from which this appeal comes, and the young man, Claude Denson, was examined and cross-examined at length. He admitted making an affidavit to the effect that he had heard plaintiff, George, say that he was going to "fake" an injury; but he admitted making another affidavit to the effect that his former affidavit was false, and as a witness at the hearing from which is this appeal he testified that his first affidavit was untrue and he denied having heard George say that he intended to "fake" an injury. This young man is by his own admissions a confessed perjurer, and it is inconceivable that any credit would be given to his testimony, if he should upon another trial repudiate the testimony which he gave at the hearing of the motion for a new trial.

There was also much testimony tending to show that George had not sustained any serious injury, this consisting chiefly of his movements around his home when he thought he was unobserved. There was testimony to the effect that he was seen moving chairs in his home and arranging furniture in his house and walking on the streets in a manner indicating that he was not

seriously injured. This testimony was categorically denied. George testified that he could not walk without his crutch or other support, and that he had used chairs in his home for his support in moving about the house.

It would protract this opinion to an indefinite length to review the testimony, and, without doing so, we announce our conclusion to be that the trial court did not abuse his discretion in finding that the testimony was not of such character and cogency as might affect a change of the verdict previously returned.

We have held in numerous cases that motions for a new trial on account of newly discovered evidence are addressed to the sound discretion of the trial court, and that this court will not reverse for failure to grant a new trial unless an abuse of such discretion is shown. *Forsgren* v. *Massey*, 185 Ark. 90, 93, 46 S. W. 2d 20.

The trial court found also that due diligence had not been used in the discovery of the new evidence. This also is a prerequisite to granting such motions. But this could not be true of testimony offered as to the conduct of George subsequent to the trial tending to show that he had not in fact sustained serious injury.

It was held in the case of *Medlock* v. *Jones*, 152 Ark. 57, 237 S. W. 438, that it was error to deny a new trial for newly discovered evidence, not cumulative, which tended to overcome appellee's testimony upon which alone she had relied for a recovery. In that case admissions were shown to have been made by appellee subsequent to the trial which contradiced testimony given by her at the trial upon which she had prevailed, which subsequent admissions would defeat a recovery.

In the case of *Forsgren* v. *Massey, supra,* testimony was offered to establish the fact which appellant here sought to establish that the plaintiff had "faked" paralysis of his leg, this being an injury to compensate which he had recovered judgment for damages.

The testimony in that case was to the effect that the plaintiff appeared in public on crutches, dragging his leg as if he had no use of it, whereas, in the privacy

of his home, he discarded his crutches and made normal use of his leg. It was held that this newly discovered evidence entitled defendant to a new trial, it being said that in actions for damages for personal injury there must be both actionable negligence and an injury, and that the injury and the extent thereof were vital questions in the case as determinative of the amount of the recovery.

The statutory penalty is prayed in this case upon the ground that the appeal is without merit and was prosecuted for delay. It is provided by statute (§ 2784, Pope's Digest) that upon affirmance of a judgment for the payment of money, the collection of which has, in whole or in part, been superseded, 10 per centum of the amount superseded may be awarded at the discretion of the court against the appellant in cases where the appeal was taken for delay.

But this case presents none of the appearance of an appeal prosecuted for delay, and we do not so find. It has every appearance of having been prosecuted in the utmost good faith, indeed, if the testimony offered on the hearing of the motion for a new trial, to the effect that George was a malingerer and had "faked" his injury, as evidenced by his conduct subsequent to the trial, was not denied or explained, we would be required, upon the authority of the case of *Forsgren* v. *Massey*, *supra*, as well as that of *Medlock* v. *Jones*, *supra*, to order a new trial for this newly discovered evidence. This testimony was considered and passed upon by the trial judge, as well as the denials and explanations thereof, and we are unable to say that there was an abuse of discretion in refusing to grant a new trial.

The judgment, denying the motion for a new trial, will, therefore, be affirmed; but the motion here for the imposition of a penalty as having prosecuted this appeal for purposes of delay will be overruled and denied.