Missouri Pacific Transportation Company *v.* Priest.

4-5976 140 S. W. 2d 993

Opinion delivered May 13, 1940.

*E. W. Moorhead,* for appellant.

*J. B. Dodds* and *Partain & Agee,* for appellee.

HUMPHRIES, J. James Priest brought suit in the Crawford county circuit court against appellants to recover damages which he received by reason of an accident which occurred on September 13, 1938, when the said James Priest came upon a Missouri Pacific Transportation Company bus on the highway between Little Rock and Conway about five miles north of Levy, Arkansas, where said bus had run into and broken a pole of the Arkansas Power & Light Company upon which wires containing high and dangerous voltage of electricity were strung and which electricity charged the bus so that when James Priest alighted from the Coca-Cola Company truck and walked back to the bus he came in contact with same and received an electric shock which knocked him unconscious from which he received burns and injuries to his eyes and to his nervous system.

Appellants filed an answer to the complaint denying the material allegations therein and the cause was tried on the 20th day of March, 1939, in said court and James Priest, one of the appellees herein, recovered judgment against appellants for $20,000, from which an appeal was taken to this court.

The appeal was dismissed by this court because the transcript was not lodged within the time required by law.

Thereafter an execution was issued and levied upon certain property belonging to the Missouri Pacific Transportation Company, whereupon appellants filed an original complaint in the form of a motion for a new trial because of newly discovered evidence, and a petition for a temporary restraining order pending the trial and hearing upon the motion for a new trial. The court denied the motion for a temporary restraining order and an appeal was prayed and granted which was filed in the Supreme Court, and the Supreme Court, through the Chief Justice, issued a temporary restraining order and a bond for $26,042 was filed with the clerk which was

approved. The case was docketed in the Supreme Court as No. 5933 and was continued from time to time until the suit for a new trial on the ground of newly dis-covered evidence was determined and brought to this court on appeal and is No. 5976. The two cases were consolidated.

The issue as to whether the temporary restraining order issued herein was properly issued can make no difference at this time. If this court affirms the judgment of the trial court overruling appellant's motion or suit for a new trial then the order would go as a matter of course dissolving the temporary restraining order. If, however, this court should hold that the trial court abused its discretion in not granting a new trial and reverse the judgment denying appellants a new trial then the temporary restraining order would remain in force and effect until the final disposition of the case on remand for a new trial.

We then turn to the question of whether or not appellants were entitled to a new trial under their motion or suit for a new trial on account of newly discovered evidence. In the original case the evidence was practically undisputed that appellants were negligent in running into the electric pole which was negligently knocked down by appellant's bus causing the pole and the wires heavily charged with electricity to fall on the bus. The testimony was also practically undisputed to the effect that the bus was charged with electricity coming from the wires to such an extent that it was dangerous for anyone to come in contact with the bus. The main issue in the original suit was whether or not James Priest was warned of these facts and warned not to touch the bus. This issue was thoroughly tried out in the case on evidence pro and con, and the jury found that no warning was given to appellee, Priest, to the effect that the bus was charged with electricity, and that it was dangerous to touch it. The testimony in the original suit was also practically undisputed to the effect that appellee, Priest, came in contact with the bus without fault on his part and was shocked to such an extent that he was knocked

unconscious in which condition he remained for a period of eight hours and that he was rendered totally blind for a period of twenty-four hours and appellees introduced evidence tending to show that as a result of this shock the use of his left arm was impaired; that his eyesight was also impaired, and that his entire nervous system was permanently impaired. Appellants introduced testimony tending to show that the shock did not impair his eyesight or arm or nervous system. Appellants introduced testimony tending to show that appellee was warned not to touch the bus telling him that it was charged with electricity, and that it was dangerous to come in contact therewith. , Appellee introduced testimony tending to show that he was not warned as to the condition of the bus and that he did not observe that electric wires charged with electricity had fallen on the bus. These issues were submitted to the jury under instructions which are not assailed and can not be assailed on the motion or suit for a new trial. The testimony introduced was also to the effect that prior to the injury appellee received he was a strong able-bodied young man, eighteen years of age, capable of working and earning money, was working and earning money and was in line for advancement. The undisputed testimony also showed that the injuries appellee received caused him to suffer great mental and physical pain and anguish.

There is an entire lack of testimony in the record in the original case to the effect that appellee faked an injury or that at the time of the trial he was a malingerer. During the trial he walked into the courtroom and exposed his burns or the scars therefrom to the inspection of the jury.

The new testimony only tended to show that his eyes and the use of his arm and his nervous condition were not permanently impaired. All this evidence was cumulative to the evidence adduced upon the trial relative to the issues involved. It was not legal ground for granting a new trial on newly discovered evidence. None of this newly discovered evidence relied upon for a new trial goes further than to show that appellee, James

Priest, could walk around, and that he ran a short distance one day in Little Rock when appellant's employees were trying to take pictures of his movements. One witness did say that he saw him helping a blind man across the street. A man with partial vision could do that, and the evidence shows that he could walk at the time of the original trial. Some of the witnesses did say that he borrowed books and bought some magazines, but that they did not know whether he read them himself or not. None of the witnesses claim to have seen him at work or engaged in any kind of business at any time since the original trial. Nearly all of the witnesses on a motion for a new trial testified that appellee showed evidences of extreme nervousness. As far as the injuries received by appellee from the shock and their effect upon him are concerned, physicians testified pro and con as to the seriousness of the injuries received by him at the trial, those introduced by him testifying that the injuries received were very serious and permanently impaired his arm and eyesight, and that the injuries left him in a very nervous condition. The specialists testifying at the trial on behalf of appellants, testified that appellee's injuries were only slight and that they did not materially affect his eyes, arms or nervous condition. Appellants requested and appellee agreed to submit himself to physical examinations by physicians and specialists employed by appellants. The extent of the injuries received by him and the resulting effects therefrom were issues in the original trial, and none of the witnesses introduced on a rehearing on the motion for a new trial testified to matters showing conclusively that the testimony introduced by appellee at the time of the trial was false in any respect. We do not regard their testimony as material to the real issue involved in the original trial of the cause nor do we think that the testimony would necessarily or probably change the result on a new trial of the cause if same should be granted.

Appellant contends that if a new trial should be granted, its witness, Henry H. Patterson, would testify

positively as he did on the hearing on the motion that he warned appellee not to approach or come in contact with the bus as it was charged with electricity until it was dangerous. This witness did not so testify in the original trial of the case, but admitted that he could not remember definitely whether he notified appellee. Henry H. Patterson, on the motion, testified that the reason he could then remember that he notified appellee not to approach the bus was because appellee had on a Coca-Cola cap. He also testified that he did not recall this incident at the time he was testifying in the original case and that another reason why he did not positively identify appellee as one he warned was because he was directed by an agent of the Arkansas Power & Light Company to say as little as he could affecting the light company. On the motion for new trial other witnesses testified that appellee was not wearing a Coca-Cola cap, but that a man by the name of Jolly was wearing the cap. The evidence discloses also that before appellants placed Henry H. Patterson on the witness stand they had not only interviewed him, but had taken a statement from him prior to that time. We do not think the failure of attorneys representing appellants to specifically ask Henry H. Patterson whether he could identify appellee as one of the parties he warned not to approach the bus would be a ground for granting a new trial. It was their duty to examine their own witnesses fully relative to all matters occurring at the time of the injury, and their failure to do so certainly could not be the basis of newly discovered evidence warranting a new trial. In fact, we do not think a change in his evidence to the effect that he could recall that he warned appellee, when he testified in the original trial of the cause to the contrary, would probably change the result. We do not think his testimony would probably change the verdict of the jury in case a new trial was granted. It was a sharply disputed question of fact whether Patterson warned appellee not to approach the bus in the original trial some witnesses testifying that he did not warn him, and other witnesses testifying that he did, and the issue of whether

or not appellee was warned not to approach the bus was an issue submitted to the jury, and to set aside the judgment and grant a new trial on the evidence of a witness who recanted and changed his evidence would be carrying the doctrine too far. We can not say that such testimony would probably change the verdict of the jury. The probability is that the jury would not believe him under the circumstances.

The rule has been in this state even as far back as *Robins* v. *Fowler,* 2 Ark. 133, that in order to set aside a judgment and grant a new trial on newly discovered evidence the testimony must have been discovered after the trial; that it must appear that the new testimony could not have been obtained with reasonable diligence on the former trial; that it must be material to the issue; that it must go to the merits of the case, and not impeach the character of a former witness; and that the newly discovered evidence would probably change the verdict rendered in the cause and that it must not be cumulative. *Mo. Pac. Trans. Co.* v. *Simon,* 199 Ark. 289, 140 S. W. 2d 129; *Mo. Pac. Trans. Co.* v. *George, ante,* p. 560, 140 S. W. 2d 680.

We do not think that the newly discovered evidence offered to set the judgment aside and grant appellants a new trial comes within the rule announced and adhered to for such a long period of time by this court.

This court said in the recent case of *Mo. Pac. Trans. Co.* v. *George, ante,* p. 560, 140 S. W. 2d 680, that: "We have held in numerous cases that motions for new trials on account of newly discovered evidence are addressed to the sound discretion of the trial court, and that this court will not reverse for failure to grant a new trial unless an abuse of such discretion is shown."

In support of that rule the case of *Forsgren* v. *Massey,* 185 Ark. 90, 46 S. W. 2d 20 was cited. We do not think the trial court, under all the circumstances, abused its discretion in denying appellants a new trial in the instant case.

The judgment of the trial court is, therefore, affirmed, and the temporary injunction is dissolved.