**MISSOURI PAC. TRANSP. CO. v. PRIEST et al.**

**No. 11806.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 31, 1941.

E. W. Moorhead, of Little Rock, Ark. (McCraw & Holt, of Dallas, Tex., on the brief), for appellant.

Boone T. Coulter, of El Dorado, Ark. (J. B. Dodds, of Little Rock, Ark., and Theron Agee and Dave Partain, both of Van Buren, Ark., on the brief), for appellees.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

Appellant, as plaintiff below, brought this suit against appellees to enjoin them from taking any steps to collect a judgment theretofore entered in the Circuit Court of Crawford County, Arkansas, in favor of appellee James Priest and against appellant, Missouri Pacific Transportation Company.

On March 20, 1939, James Priest recovered a judgment in the Circuit Court of Crawford County, Arkansas, against the Missouri Pacific Transportation Company and C. T. Harrison, for $20,000, on account of personal injuries alleged to have been suffered by Priest by reason of the negligence of the defendants named in that action. The defendants therein attempted to appeal to the Supreme Court of Arkansas. They were represented in the trial of the action and in the Supreme Court of Arkansas by their attorney, S. R. Wilson. In the personal injury action, both parties were represented by counsel and produced testimony in support of the issues there joined, it being alleged in that action that the defendants were negligent, and it being contended by the defendants therein that they were not guilty of negligence, but that if they were so guilty, the plaintiff was guilty of such contributory negligence as to preclude his right to recover. The cause was submitted to the jury on instructions and the jury returned a verdict determining all the issues in favor of the plaintiff. The defendants filed a motion for new trial which was overruled and they thereafter attempted to appeal to the Supreme Court of Arkansas, but their appeal was dismissed for the reason that it had not been lodged within six months of the date of the rendition of the judgment as required by the Arkansas statute. Subsequent to the dismissal of this appeal, they filed in the Circuit Court of Crawford County, Arkansas, a motion for a new trial on

the ground of newly discovered evidence. This motion was heard and denied, and again an appeal was taken to the Supreme Court of Arkansas. It was alleged in support of this motion that additional evidence had been discovered since the first trial on the question of plaintiff's contributory negligence. On appeal from the order denying the motion, the Supreme Court of Arkansas affirmed the lower court, and in so doing the court said: " * * * In the original case the evidence was practically undisputed that appellants were negligent in running into the electric pole which was negligently knocked down by appellant's bus causing the pole and the wires heavily charged with electricity to fall on the bus. The testimony was also practically undisputed to the effect that the bus was charged with electricity coming from the wires to such an extent that it was dangerous for anyone to come in contact with the bus. The main issue in the original suit was whether or not James Priest was warned of these facts and warned not to touch the bus. This issue was thoroughly tried out in the case on evidence pro and con, and the jury found that no warning was given to appellee, Priest, to the effect that the bus was charged with electricity, and that it was dangerous to touch it. The testimony in the original suit was also practically undisputed to the effect that appellee, Priest, came in contact with the bus without fault on his part." Missouri Pacific Transportation Co. v. Priest, 200 Ark. 613, 140 S.W.2d 993, 994.

On this second appeal to the Supreme Court of Arkansas, transcript of the testimony in the original case was incorporated in the record. Appellant then commenced this suit in equity against James Priest and his attorneys, J. B. Dodds, Theron Agee, Dave Partain, and the court reporter, Audit Kincannon. The complaint is bottomed upon allegations of fraud to the effect "that these defendants conspired together with each other and attempted to and did damage this plaintiff by depriving it of the right of trial on appeal in the Supreme Court of Arkansas * * * by wrongful representations and misleading the plaintiff and its agents and employees hereinafter named and more fully described, into delaying the filing of the appeal in said cause within the required time in the Arkansas Supreme Court. * * *" The purpose of the

conspiracy alleged was to cause appellant and its attorney, R. S. Wilson, to fail to file the appeal from the original judgment to the Arkansas Supreme Court within the time limited by law. Defendant Kincannon is charged to have permitted the other defendants to prevail on him to delay work on the bill of exceptions and make a pretense of doing other work for defendants Partain and Agee, it being alleged that Partain and Agee agreed with R. S. Wilson that they would not raise any question about the time for filing the bill of exceptions; that in furtherance of the scheme, defendant Kincannon, on September 15, 1939, delivered a part of the bill of exceptions to R. S. Wilson, but failed to file the balance of the bill on or before September 20, 1939. The complaint further alleges that the record in the state court trial discloses as a matter of law that Priest was guilty of contributory negligence, and hence, was not entitled to recover.

The entire record in the state court trial is made a part of the record in this suit, and we are asked to read and study that record, it being contended that it will demonstrate that the Supreme Court of Arkansas, if the record had been before it on appeal, would have reversed the judgment.

The lower court determined the issues in favor of the appellees, and from the decree dismissing appellant's suit this appeal is prosecuted. Appellant seeks reversal on the grounds that (1) the court erred in holding that no conspiracy or fraud was proven; (2) the court erred in holding that the proceedings had before the Supreme Court of Arkansas were res judicata on the question of equitable fraud; and (3) the court erred in not passing upon the record of the original trial in the Circuit Court of Arkansas and finding therefrom that James Priest was barred by contributory negligence as a matter of law.

We think it important first to observe that the judgment entered in the state court, the enforcement of which is here sought to be enjoined, was not procured through fraud. There is no claim that the defendants in that action were misled or that they did not have their day in court. They appeared by counsel, introduced evidence, argued the case to the jury, requested instructions, and sought

**34**

a judgment in their favor. Ordinarily, it would seem that a judgment entered under such circumstances would be impervious to attack even by direct proceedings in a court of equity. To entitle a litigant to equitable relief from a judgment, it must appear that an injustice has been done and that the judgment assailed is inequitable and that it is against equity and good conscience to enforce it. A judgment that is in no way tainted by fraud or misrepresentation in its procurement, can not well be said to be unjust and inequitable. But it is claimed that while the fraud alleged all occurred subsequent to the entry of the judgment, yet the judgment was erroneous, and that appellant could have secured a reversal in the Supreme Court of Arkansas had it been able to present its appeal to that court. We are asked in effect to speculate as to what the Supreme Court of Arkansas might have done had the appeal been regularly presented. But we think the extraordinary remedy of injunction must be based upon something more substantial than speculation, and we think the lower court might well have declined to exercise its equitable jurisdiction upon these grounds alone. The court, however, with meticulous care heard the parties on the issues as joined by the pleadings.

Under the Arkansas statute (Sec. 1546, Pope's Digest), it is provided that the party excepting upon grounds which do not sufficiently appear from the record, must reduce his exceptions to writing and present them to the court for allowance, whereupon they will be filed as a part of the record. Section 2746, Pope's Digest, provides that: "An appeal or writ of error shall not be granted, except within six months next after the rendition of the judgment, order or decree sought to be reviewed * * *."

Section 2741, Pope's Digest, provides that: "It shall be the duty of the appellant to file in the clerk's office of the Supreme Court, within ninety days after the appeal or writ of error is granted, an authenticated copy of the record, otherwise his appeal or writ of error shall be dismissed; but the Supreme Court may for cause shown extend the time for filing such copy."

On March 30, 1939, appellant here filed in the State Circuit Court its motion for new trial, which was overruled on April 18, 1939. On that date, appellant was granted an appeal to the Supreme Court and given 120 days within which to file bill of exceptions. An additional thirty days was later granted for the preparation of its bill of exceptions. A transcript of the record was lodged in the office of the Clerk of the Supreme Court of Arkansas on October 2, 1939, but the clerk refused to accept it. Affidavits were then filed by appellant, and on October 11, 1939, the Supreme Court orally directed the clerk to file the transcript, which was done. On October 21, 1939, J. B. Dodds, a defendant in this suit, and one of the attorneys for James Priest, filed in the Arkansas Supreme Court motion to dismiss the appeal for the reason that it had not been lodged within six months of the date of the judgment. R. S. Wilson, attorney for the Missouri Pacific Transportation Company, filed a response to the motion to dismiss the appeal, setting up in substance the alleged agreement between counsel for the respective parties with reference to extending the time for filing the bill of exceptions and the agreement not to object to its filing because out of time. After hearing on affidavits and briefs, the Supreme Court, on November 13, 1939, dismissed the appeal and later denied a petition for rehearing.

In the present suit, the lower court affirmatively found against the alleged conspiracy, found that the delay of the court reporter in finishing the bill of exceptions was due to the request of the attorneys for appellant to abandon that work and take up some other work, exonerated all the defendants of any and every charge of misrepresentation or fraud, found that the defendant Agee, one of the attorneys for Priest, agreed with Wilson, attorney for the Transportation Company, that if Kincannon were permitted to abandon his work upon the bill of exceptions for two days and should not be able by reason of such absence to complete the bill in its entirety on or before the 15th of September, that on that day a skeleton bill of exceptions would be filed in the office of the Clerk of the Circuit Court of Crawford County and marked filed, with the understanding that when the bill was finally completed, the remainder would be attached to the skeleton as though filed of that date, and the defendant Agee, as one of counsel for Priest, agreed with Wilson that in that event, no question would be raised as to the time of the filing of

the bill of exceptions in the Circuit Court of Crawford County; that accordingly the skeleton bill was filed and the completed portion later added; that Wilson thereafter presented the completed bill of exceptions to counsel for Priest. The court specifically found that: "Neither at the time of the delivery of said bill of exceptions by the said R. S. Wilson to the firm of Partain & Agee for approval, nor at any other time prior to September 20, 1939, the day of the expiration under the law of the State of Arkansas of the six months' period in which to appeal to the Supreme Court, did the said R. S. Wilson or anyone else connected with the plaintiff mention or suggest to the said firm of Partain & Agee that the time for appeal was about to· expire or make any reference to same whatsoever; and neither did the said R. S. Wilson nor anyone else representing the plaintiff file or attempt to file in the Supreme Court of Arkansas, within the six months prescribed by law, the transcript of the record, including the bill of exceptions, nor did they file or offer to file within such period in the said Supreme Court of Arkansas a certified copy of the judgment of the Crawford Circuit Court and ask for time to complete the record and for certiorari to bring up the bill of exceptions."

The court found specifically that the defendants had not entered into a conspiracy to delay the prosecuting of the appeal to the Supreme Court of Arkansas, or to prevent it from presenting such appeal.

There was no agreement by which counsel for Priest purported to enlarge or extend the time for filing the appeal in the Supreme Court of Arkansas. The only agreement was with reference to the time of filing the bill of exceptions, and this agreement was meticulously observed. Appellant at all times knew as a matter of law that its appeal would have to be lodged in the Supreme Court within six months from the date of the judgment, and it also knew that no agreement between counsel could enlarge that time. It is not necessary for us to attempt to forecast what the Supreme Court of Arkansas might have done had the appeal been regularly presented because the defendants did nothing to prevent the timely perfection of the appeal. They were guilty of neither constructive nor actual fraud with reference to that proceeding, and to have rendered the proceeding vulnerable to attack it must have been the result of extrinsic fraud. If we might venture to forecast what the decision of the Supreme Court of Arkansas would have been had the appeal been properly perfected, we think we should be warranted in saying that that court would have held that questions of negligence and contributory negligence are usually questions of fact for the jury. In fact, that court on the second appeal, when it had the entire record of the testimony before it, pointed out that the testimony was practically undisputed to the effect that the defendants were negligent in running into an electric pole and knocking it down so that their bus became charged with electricity, and it specifically pointed out that, "The testimony in the original suit was also practically undisputed to the effect that appellee, Priest, came in contact with the bus *without fault on his part.*" (Italics supplied). But, as said by us in Continental National Bank v. Holland Banking Co., 8 Cir., 66 F.2d 823, 829: "Neither the United States District Court nor this court can by way of review or otherwise allow appellants to relitigate issues which were tried and determined against them in the state courts. Neither the findings of fact in the state court nor the sufficiency of the evidence adduced in support thereof are here open to question."

The findings of the court below are sustained by abundant testimony and the prosecution of this appeal can find but little justification in the record.

We are asked to assess damages against the appellant under Paragraph 2, Rule 31 of this court, on the ground that the appeal was taken merely for delay. We, however, resolve the doubt as to the good faith of the appeal in favor of the appellant and deny this motion.

The judgment appealed from is therefore affirmed.