HALBROOK *v.* HALBROOK.

5-2223                                          341 S. W. 2d 29

Opinion delivered December 5, 1960.

[Rehearing denied January 9, 1961.]

*Lovell & Evans,* for appellant.

No brief filed for appellee.

GEORGE ROSE SMITH, J.   This is an appeal from an order by which the circuit court refused to grant the appellant a new trial upon the ground of newly discovered evidence.  Since the appellant concedes that

his motion was addressed to the trial court's sound discretion the only question is whether there was an abuse of that discretion.

The dispute grew out of an oral transaction by which the appellee, Ellery Halbrook, sold and delivered thirty-five head of cattle to his brother Archie, the appellant, for an agreed price of $3,500.00. Ellery's suit to recover the purchase price was defended by Archie on the ground that the money had been paid. At the trial Archie testified that he paid his brother in cash, without taking a receipt, while Ellery testified that he had received nothing. The decisive issue of fact was submitted to a jury, which returned a verdict for Ellery, the plaintiff.

The appellant, in his motion for a new trial, asserted that after the entry of the judgment he discovered that his brother Ellery had engaged in a conversation in a barber shop several months before the trial and had then said in the presence of three named witnesses that he had sold his cattle too cheaply but there was nothing he could do about it, as Archie had paid him for the cattle. The motion was supported by affidavits of the three witnesses.

At a hearing upon the motion two of the affiants were called as witnesses. One of them testified in conformity with his affidavit, but the other, upon being questioned by the court, was not sure whether Ellery had mentioned payment in the conversation or had merely said that he had sold the cattle too cheaply. In denying the motion the circuit judge indicated that he considered the newly discovered evidence to be cumulative and doubted if this proof alone would change the result of the first trial.

We are not willing to say that the circuit court abused its broad discretion in the matter. Our pertinent cases are cited and discussed in a comment appearing at 4 Ark. L. Rev. 60. There the authors point out that a motion of this kind is not favored by the courts, owing to the manifest disadvantages in allowing the

losing litigant a second trial after he has been afforded a fair opportunity to present his proof at the original hearing. Before granting such a motion the trial court should be convinced, among other things, that an injustice has been done, that the newly found evidence is not merely cumulative to that produced at the first trial, that the proof was not discoverable through the exercise of due diligence, and that the additional testimony will probably change the result.

There are two reasons for our reluctance to disagree with the circuit judge in this case. First, he had the advantage not only of having heard the testimony at the original trial but also of hearing two of the new witnesses at the hearing upon the motion. In the latter respect the case differs from *Medlock* v. *Jones*, 152 Ark. 57, 237 S. W. 438, where there was apparently no hearing upon the motion, so that its allegations stood undisputed. Here the trial judge, after observing the demeanor of the newly found witnesses, did not feel that their testimony would change the outcome of the case.

Secondly, the new testimony was to some extent of a cumulative nature. "Cumulative evidence is such as tends to support the fact or issue which was before attempted to be proved upon the trial." *Olmstead* v. *Hill*, 2 Ark. 346, 353. At the original trial the defendant attempted to prove the same fact that is involved in his present motion—that Ellery had stated to a third person that he had been paid for the cattle. The witness Hilton was called by the defendant for the purpose of so testifying, but he proved to be a disappointment in that he failed to testify as counsel had expected. In this situation, where a party's attempt to prove a particular fact has unexpectedly failed, he is not entitled to seek out additional witnesses to the same fact and upon that basis, with no affirmative showing of prior diligence, demand a retrial upon the ground of newly discovered evidence.

Affirmed.