NICHOLS *v.* FREEMAN.

5-3155                                          374 S. W. 2d 353

Opinion delivered January 20, 1964.

*V. D. Willis and J. Loyd Shouse,* for appellant.

*Shaw, Jones & Shaw, Eugene Moore,* for appellee.

SAM ROBINSON, Associate Justice. This is a personal injury case in which the trial court directed a verdict for the defendant. Later, the appellant, Nichols, filed a motion for a new trial and, among other assignments of error, alleged newly discovered evidence. The trial court overruled the motion for new trial. Appellant then filed a notice of appeal stating that he appealed from the order overruling the motion for new trial. After appellant lodged his appeal in this court the appellee filed a motion to dismiss the appeal on the grounds that appellant had not appealed from the origi-

nal judgment, and that the order overruling the motion for a new trial on the ground of newly discovered evidence was not an appealable order.

In response to the motion to dismiss, the appellant stated, in effect, that he was only appealing from the order overruling the motion for a new trial. This is an appealable order. *Moore* v. *Henderson,* 74 Ark. 181, 85 S. W. 237. We, therefore, overruled the motion to dismiss, but limited the issue to be considered to the sole question of whether the trial court was in error in overruling the motion for new trial which alleged newly discovered evidence. The only issue now before the court is the action of the trial court in overruling the motion for new trial which alleged newly discovered evidence.

At the time appellant was injured he and appellee were on a fishing trip. They were riding in appellee's pickup truck; the appellee was driving and appellant was sitting next to the right-hand door, As they rounded a curve the door came open, appellant fell out and was injured. In his complaint appellant alleged that appellee was negligent in the following manner: "(a) Defendant carelessly and negligently permitted the screws in the striker plate to become loose and drop down causing the right-hand door to swing open, throwing this plaintiff out onto the highway. (b) In carelessly and negligently failing to inform this plaintiff of said defect."

During the trial of the case it developed that the door did come open, but appellee denied that he knew the striker plate was loose. As an exhibit to his motion for a new trial, appellant filed an affidavit made subsequent to the trial in which appellee stated, in effect, that he was confused in the trial court when he testified that he did not know the striker plate was loose; that he was referring to the truck owned at the time of the trial; that he had traded the truck from which appellant had fallen; that, in fact, he *did* know that the striker plate was loose on the truck in which he and appellant were riding when the door came open and appellant fell out; that he had previously had trouble with the striker plate coming loose on that truck, and on one occasion the door

had come open and his son had fallen out, and on another occasion due to the same trouble, his wife had fallen from the truck. Also subsequent to the trial, appellee's wife made an affidavit to the same effect in support of the motion. After fully considering the motion, the trial court overruled it. In a written opinion the trial court said: "Now on this 2nd day of August, 1963, is submitted to the Court the Motion of the Plaintiff for a new trial of this cause, upon the ground of alleged newly discovered evidence. Said motion for new trial is supported by the Affidavits of the defendant, Earnest Freeman and his wife, Mrs. Ethel Freeman, in which they state in substance that the defendant had had some prior trouble with the latch on the truck involved in the accident, and had had two previous accidents as a result of a defective latch on the door. The defendant further states in his affidavit that he was mistaken in the identity of the truck being referred to in his testimony at the trial; that he thought the attorney was referring to the truck he now has, instead of the one involved in the accident. The defendant was called by the Plaintiff as his witness at the trial, and according to the Court Reporter's notes the plaintiff's attorney asked the defendant the following question: "Had you had any difficulty with the doors on this truck in which you and he were riding that morning?" and the defendant's answer was 'I don't recall on this one, but I have had a lot of striker plate trouble. I have bought several sets and put them on trucks'. On Cross Examination, the defendant witness was asked by defense attorney the following questions, and responded as follows: 'Q. Mr. Freeman, this door had never come open before, had it? A. Well, I don't recall on that truck, that it had ever come open before. Q. Well, had the door ever come open before this? A. No sir, I don't recall it had. Q. If it had, you would have recalled it, would you, Mr. Freeman? A. Well, possibly, I would.' It is difficult to understand how the defendant could have been mistaken as to the identity of the truck referred to.

"Section 27-1901 of the Ark. Stats. provides that a new trial may be granted upon newly discovered evidence

material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial. The primary issue before the Court is whether or not the evidence the plaintiff seeks to offer could have with reasonable diligence been produced at the trial. Our Supreme Court has held in innumerable cases that a new trial will not be granted for newly discovered evidence, unless the applicant has shown reasonable diligence. In this case, the proposed newly discovered evidence could have been procured through discovery depositions, or interrogatories, or even by further interrogatories propounded to the defendant in the trial of the case. The testimony of the witness seems to be clear enough that the witness understood that reference was being made to the truck involved in the accident, but if there was any doubt on that question, the facts could have been elicited by further questioning.

'It is the opinion of the Court that plaintiff has failed to measure up to the requirements of the law to be entitled to a new trial on the ground of newly discovered evidence, and that the Motion should be and the same is hereby overruled . . . .''

We have said many times that the granting of a new trial on the grounds of newly discovered evidence is largely in the discretion of the trial court. Here, we cannot say that the court abused its discretion. *Missouri Pacific Transportation Co.* v. *Simon,* 200 Ark. 430, 140 S. W. 2d 129; *Missouri Pacific Transportation Co.* v. *George,* 200 Ark. 560, 140 S. W. 2d 680; *Ark. Amusement Corp.* v. *Ward,* 204 Ark. 130, 161 S. W. 2d 178; *Beatty* v. *Pilcher,* 218 Ark. 152, 235 S. W. 2d 40.

Affirmed.