ARK. STATE HIGHWAY COMM. *v.* J. R. OWEN ET UX.

5-4098 411 S. W. 2d 304

Opinion delivered February 13, 1967

*George O. Green* and *Phil Stratton,* for appellant.

*Robert J. White* and *James K. Young,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that the trial court committed error in granting a new trial to appellees, landowner defendants in an action brought by appellant in eminent domain for acquisition of right-of-way for Interstate Highway No. 40.

The case was tried to a jury on June 17, 1966 on evidence of differences in value ranging from $4,250.00 to $24,150.00. The jury returned a verdict for appellees in the amount of $6,250.00. Appellees filed a motion for a new trial alleging that the verdict was inadequate and not supported by the preponderance of the evidence. An amendment to the motion for new trial states newly discovered evidence as cause therefor. Appellees contend that after the trial they learned that a large drainage structure, discharging drainage water from the north side of the proposed highway onto their residual tract of one and one-half acres south of the highway, was to be installed. They asserted diligent but unsuccessful effort in obtaining construction plans. They allege that a subpoena duces tecum was issued by the trial court over

the resistance of appellant and that plans and specifications were brought into court, pursuant to the trial court's order, two days before this trial, while the attorney for appellees was engaged in the trial of another case involving the same right-of-way across other lands. Appellees say that their attorney was unable to avail himself of the chance to inspect the plans offered by appellant, due to the trial previously set and that appellant removed the plans and specifications before the end of this trial, leaving appellees with no opportunity to learn of the proposed drainage structure. They also alleged that no work was done toward digging a ditch for the drainage tile until after the trial. They claim that the extent of the damage by reason of the location of this drainage tile, being greater than appellees believed would result, was prejudicial.

Appellant's response to the amendment to the motion for new trial states that the plans on file and used as exhibits in the case clearly showed the location of the drainage structures; that the order of the court requiring appellant to produce construction plans was issued in another case to be tried on June 15th, while the trial in this case was held on June 17th; that the subpoena duces tecum only called for production of a contract between appellant and its contractor, which was produced in open court in the trial of another case on June 15th, along with construction plans, and that appellees' attorney made use thereof during the previous trial; and that the right-of-way plans clearly showed the location of culverts with respect to appellees' residual properties.

The trial judge, after a hearing on the motion and an inspection of the premises, granted a new trial, setting aside the jury verdict on the ground of newly discovered evidence. In so doing, we find that he committed reversible error.

In order for a party to be entitled to a new trial because of newly discovered evidence, the statute re-

quires that it be evidence that he could not, with reasonable diligence, have discovered and produced before the trial. Ark. Stat. Ann. § 27-1901 (Repl. 1962); *Medlock* v. *Jones,* 152 Ark. 57, 237 S. W. 438; *Turner* v. *Richardson,* 188 Ark. 470, 65 S. W. 2d 1071; *Southern National Ins. Co.* v. *Heggie,* 206 Ark. 196, 174 S. W. 2d 931.

Appellant's complaint filed December 14, 1965, alleged that the plans were on file at the Arkansas State Highway Department at Little Rock. Appellees' petition for subpoena duces tecum, filed on June 9, 1966, only sought to have produced the general specifications for the sources of bars, pits and quarries, and copies of contracts in force between appellant and its contractors. Subpoena duces tecum was issued for these documents only, pursuant to order of the trial court.

Appellant's Exhibit No. 1, showing right-of-way limits and outlining proposed roadways, control of access and location of existing improvements, clearly indicates what appears to be drainage structures near appellees' stock pond. Appellee J. R. Owen examined this exhibit, testified in relation to it, and its accuracy was approved by appellees' attorney. While appellees' amendment to their motion for new trial mentions a subpoena duces tecum for construction plans, a search of the record reveals no subpoena or petition therefor in the record, other than those above described.

Appellees' attorney stated during the hearing on the motion for new trial that when they called the Highway Department, they were told that if they wanted to see the construction plans they could come to Little Rock and see them. He also stated that appellant brought in the plans and specifications during the trial of a preceding case in which he was engaged and that he checked them on the tract then involved. Furthermore, he said that the tile "was laying down there like they were going on the land." There is nothing to indicate that appellees ever called for these plans at any other time or in any other way, nor is there any indication that they

were referred to in the trial in any way. The only excuse offered by appellees for not pursuing the matter further was appellant's alleged continued contention that these plans and specifications were not material.

Appellees did not avail themselves of many discovery procedures provided by which they might have obtained these documents so important in a partial taking case. No discovery depositions by oral examination or written interrogatories [provided for by Ark. Stat. Ann. § 28-348 (Repl. 1962)] were taken. No interrogatories [§ 28-353] were attached to appellees' answer, nor were any [§ 28-355] served on appellant. The only effort was their motion for subpoena duces tecum, which might better have been a motion for production of documents [§ 28-356]. Even then appellees did not follow up on the motion filed by calling for either the witness subpoenaed or the documents called for, and as pointed out hereinabove, this subpoena did not even call for the construction plans.

This court has consistently held from 1841 [See *Robins* v. *Fowler,* 2 Ark. 133] to the present date that one seeking a new trial must show that the evidence *could not* have been obtained with reasonable diligence on the former trial. In determining whether there has been such diligence, it is proper to consider that the trial was several months after the incident on which the litigation was based and that appellees had ample time to make a thorough investigation. *Missouri Pacific Transportation Co.* v. *Simon,* 200 Ark. 430, 140 S. W. 2d 129; *Citrus Products Co.* v. *Tankersley,* 185 Ark. 965, 50 S. W. 2d 582.

Failure to obtain the evidence by deposition was considered in *Swift* v. *Lovegrove,* 237 Ark. 43, 371 S. W. 2d 129. Failure to obtain evidence which could have been procured through discovery depositions, interrogatories, or further interrogatories propounded during the trial of the case has been held to be an appropriate basis for

denying a new trial. *Nichols* v. *Freeman,* 237 Ark. 536, 374 S. W. 2d 353.

That the matter sought to be shown by "newly discovered evidence" was a matter of public record has also been taken into consideration. *Stockton* v. *Baker,* 213 Ark. 918, 213 S. W. 2d 896. The fact that one seeking a new trial had some knowledge of the newly discovered evidence was considered sufficient for denial of of a new trial. *Rutland* v. *P. H. Ruebel & Co.,* 202 Ark. 987, 154 S. W. 2d 578.

Failure of the moving party to seek a postponement or to take a deposition was held to justify the denial of a motion for new trial on newly discovered evidence. *Arkansas Power & Light Co.* v. *Mart,* 188 Ark. 202, 65 S. W. 2d 39.

Of course, we recognize that the granting or refusing of a motion for new trial on the ground of newly discovered evidence is within the sound judicial discretion of the trial court which will be interfered with only when it appears that this discretion has been abused. *Arkansas Amusement Corp.* v. *Ward,* 204 Ark. 130, 161 S. W. 2d 178. This discretion is not absolute, but is a sound judicial discretion which necessarily requires an appropriate factual basis for the exercise of that discretion.

In sustaining the lower court's denial of a motion for new trial, this court, in *Halbrook* v. *Halbrook,* 232 Ark. 850, 341 S. W. 2d 29, said:

"We are not willing to say that the circuit court abused its broad discretion in the matter. Our pertinent cases are cited and discussed in a comment appearing at 4 Ark. L. Rev. 60. There the authors point out that a motion of this kind is not favored by the courts, owing to the manifest disadvantages in allowing the losing litigant a second trial after he has been afforded a fair opportunity to present

his proof at the original hearing. Before granting such a motion the trial court should be convinced, among other things, that an injustice has been done, that the newly found evidence is not merely cumulative to that produced at the first trial, that the proof was not discoverable through the exercise of due diligence, and that the additional testimony will probably change the result.''

In view of all the circumstances in this case indicating the ability of appellees to have had the construction plans and specifications before the trial of this case, we find no evidence of diligence. We cannot see how appellees' expert witnesses could have testified as to ''before and after values'' without having obtained information as to the construction proposed. Because of this and the disfavor in which the granting of such motions is held, we cannot help but conclude that the trial court's action in granting a new trial was an abuse of discretion, requiring that we reverse and reinstate the original judgment.

Jones, J., dissents.

J. Fred Jones, Justice, dissenting. I do not agree with the majority view in this case. On June 23, 1966, appellees filed their motion for a new trial, alleging that the verdict was grossly inadequate, that the verdict was against the preponderance of the evidence and that the verdict reflected that the jury did not understand the testimony presented. On June 27, 1966, appellees filed an amendment to their motion for new trial, alleging what amounts to newly discovered evidence as additional grounds for a new trial.

It is obvious to me from the record before us, that this case was tried as the last in a series of three condemnation cases by tired counsel, with tired witnesses and before a tired judge. The broad discretion of a trial judge in granting new trials is not questioned. I feel that the trial court could have very logically granted a new trial on appellees' *original motion* in this case without

abuse of discretion, and it is my view that the trial court's broad discretion was not narrowed to the point of abuse when it predicated its order for a new trial upon the amendment, rather than the original motion. I would affirm.