ROBINSON *v.* CROSS.

Opinion delivered April 1, 1907.

APPEAL—BRINGING MATTERS INTO RECORD.—A stipulation of counsel, like other evidence, should be brought upon the record by bill of exceptions, and the exceptions relating to it should be carried forward into a motion for new trial.

Appeal from Mississippi Circuit Court; *N. F. Lamb,* Special Judge; affirmed.

*D. F. Taylor* and *J. T. Coston,* for appellant.

*W. J. Lamb,* for appellee.

There is nothing before this court for review, nothing really before the court except the fact that the circuit court adjudged the title to the land in controversy to be in appellee. Without a bill of exceptions bringing before this court all the evidence, pleadings, etc., in the case, nothing remains but to affirm the judgment. A stipulation which was read in evidence at the trial will not be considered by this court, unless properly identified by bill of exceptions. 64 Ark. 488; 46 Ark. 17; 13 Ark. 316; 26 Ark. 653; 30 Ark. 527; 21 Ark. 398; Ib. 404; 26 Ark. 479.

McCULLOCH, J. This is an action at law instituted by appellee, Ida Cross, a minor suing by her guardian, against appellants, Frank Evans and Mary C. Robinson, to recover possession of a tract of land alleged to be in the unlawful possession of the defendants.

The complaint shows a complete chain of title back of a deed dated July 23, 1896, executed by a commissioner of the chancery court pursuant to a sale under decree of said court foreclosing the lien of the St. Francis Levee District for levee taxes. It is also alleged in the complaint that the plaintiff and her ancestor and his grantors have held actual adverse possession of said land under color of title, claiming to be the owners thereof, continuously for more than seven years before the commencement of this action.

The answer of the defendants attacks the validity of the levee tax sale, denies that plaintiff and her ancestor and his grantors held actual possession for seven years, and sets up title in the defendants under a tax sale and confirmation thereof.

The judgment entry shows a trial and judgment in favor of the plaintiff. It recites that the case was heard upon the pleadings and stipulation of counsel, but the stipulation is not copied in the judgment entry. The record contains no bill of exceptions, nor does it appear that any motion for new trial was ever filed.

A writing purporting to be the stipulation of counsel is copied in the transcript and certified by the clerk. There is nothing properly before us except the pleadings and judgment, so we must presume that the evidence sustained the findings of the court.

The stipulation, like other evidence, must be brought upon

the record by bill of exceptions, and the exceptions must be carried forward in a motion for new trial. *Smith* v. *Hollis,* 46 Ark. 17; *School District No. 14* v. *School Dist. No. 4,* 64 Ark. 488.

Affirmed.