TOLL v. TOLL.

Opinion delivered March 20, 1922.

1. APPEAL AND ERROR—CONFLICT BETWEEN DECREE AND CLERK'S CERTIFICATE.—Where there is a conflict between the recitals of the decree and the certificate of the clerk to the transcript, the recitals of the decree must prevail.

2.  APPEAL AND ERROR—PRESUMPTION.—Where the decree of the
    court recites that "other evidence" was heard besides the exhibits
    to the complaint and the depositions of certain witnesses, and
    the transcript contains no other evidence than the above-men-
    tioned exhibits and depositions, though the clerk recites that
    the transcript contains all the evidence introduced, it will be con-
    clusively presumed that every fact essential under the pleadings
    was established by the absent evidence.

Appeal from Prairie Chancery Court, Southern Dis-
trict; *John M. Elliott*, Chancellor; affirmed.

*Emmet Vaughan*, for appellant.·

It is not necessary to file a schedule in order to pro-
tect the homestead against a judgment or execution. 75
Ark. 593. Failure to file a claim of homestead or sched-
ule does not work a forfeiture of the homestead right.
141 Ark. 181.

There was no waiver of the homestead right. 70
Ark. 129. A homestead right can only be waived by
complying with the statute. C. & M. Digest, § 5542.

*Bogle & Sharp* and *W. A. Leach*, for appellee.

Plaintiff cannot object for the first time on appeal
that the answer was not verified. 101 Ark. 22; 29 Ark.
500; C. & M. Digest, § 1246. The fact that the an-
swer was not verified does not preclude its consideration
by the court. 101 Ark. 22; 94 Ark. 347; 44 Ark. 496.

The land in controversy was not the homestead of
appellant. 136 Ark. 72. The burden was on appellant
to show what land was exempt. 76 Ark. 575.

Where a transcript does not contain all the evidence,
the court will presume it was sufficient to sustain the de-
cree. 45 Ark. 240; 77 Ark. 195; 109 Ark. 1; 81 Ark.
427. The recitals in the decree must control. 88 Ark.
604.

WOOD, J. A. V. Harris, the sheriff of Prairie
County, had in his hands several executions against R.
H. Toll. He levied these upon certain lands of Toll, in-
cluding the SE¼ of the NW¼ of sec. 10, T. 1 N., R. 5
W., and sold the same at execution sale. A. C. Huddles-
ton was the purchaser at such sale, and on the 19th of

October, 1915, the sheriff executed to Huddleston a deed to the above-described land. On the 26th of June, 1917, Huddleston sold the land to Charles Minton, and on the 23rd of February, 1918, Minton sold the land to George O. Toll. On the 18th of July, 1918, R. H. Toll instituted this action against George O. Toll. After setting up the chain of title in George O. Toll as above set forth, he alleged that the sale of the land under execution was without authority of law and void, and that the deeds based upon such sale were clouds upon his title. He alleged that the land was his homestead, and that he had been in possession thereof for more than twenty years, claiming the same as his homestead: that during his temporary absence from home George O. Toll came upon the land and took possession thereof by force and proceeded to cut the hay standing thereon; that from the date of George O. Toll's unlawful entry upon the land he had continued to trespass upon the land. He prayed for an order perpetually restraining George O. Toll from further trespassing upon his land, and that the deeds, which he made exhibits to his complaint, under which George O. Toll deraigned title, be canceled.

George O. Toll answered the complaint, admitting that he traced his title to the land as set forth in the complaint. He alleged that he was the owner, and in possession of the land, and had been since his purchase, paying the taxes on the same. He denied that R. H. Toll had been living on the land as his homestead for more than twenty years as set up in the complaint.

The decree of the court recites as follows: "Now on this day this cause coming on to be heard, the plaintiff comes not and the defendant (appellee) appearing by his attorneys, Bogle & Sharp and W. A. Leach, and this cause being reached on the call of the calendar is submitted to the court for its judgment and decree upon the complaint of the plaintiff and the exhibits thereto attached, the answer of the defendant and the depositions of C. F. Minton, C. F. Toll and George O. Toll, and other evidence, and the court finds therefrom that the

defendant, George O. Toll, was on the day this suit was instituted and is now the owner of the following-described tract or parcel of land described in the complaint of the plaintiff, to-wit:    (Here follows description of land) ; and that said defendant was on said date, and is now, entitled to the possession of said above-described lands, and that the complaint of the plaintiff, R. H. Toll, should be dismissed for want of equity, and that the writ of injunction heretofore issued in this cause should be dissolved.   It is therefore by the court considered, ordered, adjudged and decreed that the complaint of the plaintiff, R. H. Toll, be and the same is hereby dismissed for the want of equity; that the writ of injunction heretofore issued in this cause and served on said defendant be and the same is hereby dissolved, and the said plaintiff is hereby ordered and directed to deliver to the defendant, George O. Toll, the immediate possession of said lands.   That the title of the defendant, George O. Toll, in and to said above-described lands be, and the same is, hereby quieted, confirmed and made complete against the said plaintiff, R. H. Toll, or any one claiming by, or through or under said plaintiff, and that a writ of assistance may issue at any time in favor of said defendant.   It is further ordered that the plaintiff pay all the costs in this action for which execution may issue.''

From the above decree is this appeal.

It will be observed from the recitals in the decree that the cause was heard upon the pleadings, exhibits thereto, and the ''depositions of C. F. Minton, C. F. Toll, George O. Toll and other evidence.''   The transcript contains the complaint, the exhibits thereto, the answer and the depositions of the witnesses mentioned, and the clerk certified ''that the foregoing pages contain a true and correct transcript of all the papers and proceedings in the cause pending in said court wherein R. H. Toll was plaintiff and George O. Toll was defendant, and that the depositions of C. F. Minton, Geo. O,

Toll, and C. F. Toll was all the evidence introduced and taken in said cause.''

The recitals of the decree show that there was other evidence heard by the court besides the testimony of C. F. Toll, C. F. Minton and George O. Toll and the exhibits attached to the complaint. Therefore we cannot indulge the presumption that the other evidence recited in the decree had reference to the exhibits to the complaint, as was the case in *Turpin* v. *Beach,* 88 Ark. 604. The plain recitals of the decree show that, after considering the complaint and exhibits thereto, the answer, and the depositions of the witnesses mentioned, there was ''other evidence'' upon which the court based its decree. Where there is a conflict between the recitals of the decree and the certificate of the clerk to the transcript, the recitals of the decree must prevail. *Dierks Lumber & Coal Co.* v. *Cunningham,* 81 Ark. 427. Where the record discloses that evidence was considered by the court which is not contained in the transcript, it will be conclusively presumed that every fact essential under the pleadings to sustain the decree was established by the absent evidence. *Bradley Lumber Co.* v. *Hamilton,* 109 Ark. 1, and cases there cited. See also *Hershy* v. *Baer,* 45 Ark. 240; *Matlock* v. *Stone,* 77 Ark. 195; *Dierks Lbr. &* decree was affirmed. *Toll* v. *Toll, ante* p. 134.

The issue of whether or not the land in controversy was the appellant's homestead was one depending upon the facts adduced in evidence. As the record shows that all the evidence which the trial court considered is not before us, we must indulge the presumption that the absent evidence was sufficient to sustain the findings and decree of the court.

The decree is therefore affirmed.