Citrus Products Company, Inc., *v.* Tankersley.

4—2575

Opinion delivered May 30, 1932.

*I. J. Friedman* and *U. L. Meade,* for appellant.
*Hardin & Barton,* for appellee.

Mehaffy, J. On February 10, 1931, the appellants filed suits against the appellees in the municipal court in the city of Fort Smith, Arkansas, for $321.82. They filed statements of account and no other pleadings.

The statement filed for the Citrus Products Company, Inc., was for $279.58, and the statement for Menasha Products Company was for $66.65. The defendants did not appear in the municipal court, and default judgment was rendered against them, whereupon they filed affidavit for appeal and bond.

In the circuit court the defendants filed answer, denying that they, or either or any of them, were indebted to plaintiff on accounts sued on; denied that they were partners at the time the account was alleged to have been contracted; denied that either of them was responsible for the account; denied that there was any indebtedness due; and denied that the checks sued upon were authorized by them or either of them; denied that R. L. Pitts had any authority to write checks, and particularly the checks sued on, on the account of the defendants or either of

them, or on account of the White Dairy Products Company; and they especially denied that Kate Tankersley, administratrix of the estate of R. H. Tankersley, deceased, was liable, and alleged that no claim had been exhibited against the estate of her intestate; that she was appointed administratrix, and more than twelve months had transpired, and no claim had been exhibited.

The case was tried in the circuit court, where there was a verdict and a judgment for defendants, and the case is here on appeal.

The depositions of E. J. Hockstead and E. H. Lewandoski were offered in evidence.

One of the attorneys for the plaintiffs offered in evidence a signed order attached to copies of invoices. The statement was introduced over the objection of defendants, although the attorney who introduced it did not testify, and there was no evidence by any one identifying the papers or signature of any person signing the order or the invoices.

Hockstead, in his deposition, testified that he was treasurer and agent of the Citrus Products Company and that the account annexed in favor of Citrus Products Company against the White Dairy Products Company, a partnership composed of Ross Tankersley, Walter Tankersley, and Mrs. Tankersley; that the balance shown on the account was correct, and that no part of it had been paid. The witness did not show that he had charge of the books, or knew anything about them.

Plaintiff was then permitted to read interrogatory No. 4 and the answer thereto, which was based on the report of the R. G. Dunn agency. It was shown that the report of R. G. Dunn Company indicated that Ross Tankersley and R. L. Pitts were partners. All these things transpired before the witness had any connection with the Citrus Products Company.

A check signed "White Dairy Products Company, by R. L. Pitts," for $124.83 was introduced, and witness testified that these checks were returned from the bank unpaid, and that they received a telegram from White

Dairy Products Company on December 31, 1928, advising that they would mail check on January 15, and Pitts' signature canceled, and that they had never received the check.

He testified, in answer to interrogatory No. 7, that the mercantile report indicates that the present partnership is composed of Ross H. Tankersley and Mrs. Kate Tankersley, and the report indicated that the above persons secured control of the interest of Ross Tankersley and R. L. Pitts, on February 14, 1930, and have since continued to be the owners.

In answer to another interrogatory, witness said that they had received a telegram canceling Pitts' signature, but had never received any letters denying liability. Numerous letters and statements were introduced, but it is unnecessary to set them out here.

Lewandoski testified, by deposition, for the Menasha Products Company in substantially the same way that Hockstead did for the Citrus Products Company, and introduced statements of the accounts. Neither of the witnesses testifying knew, or pretended to know, who the partners were or who owned the business. They did not offer any evidence tending to show that the merchandise for which they were asking payment had ever been delivered to the defendants or any of them.

The defendants introduced Mrs. Lena Curtis, the daughter of Mrs. R. H. Tankersley, who testified that R. L. Pitts was not a member of the partnership now or at any time. He was the ice-cream maker. Witness was at work for the White Dairy Products Company as general office manager, and knows there was no partner in there. She was there in 1928 and 1929.

Witness testified that Borengasser was bookkeeper, but never had any authority to bind the company. He had no authority to write the letters. On cross-examination, this witness testified that Pitts did not put any money into the concern, and, when asked how she knew, she said she heard her father say so many times. This answer was objected to by plaintiff.

Mrs. Elaine Robertson testified in rebuttal for plaintiffs, and, among other things, she said that she received a check for $15 from the White Dairy Products Company, and she also testified that Mrs. Curtis promised to make payments. This witness was secretary and stenographer in the office of Mr. Friedman, attorney for plaintiffs.

At the close of the testimony the court, of its own motion, instructed the jury, and refused to give instructions requested by plaintiffs.

After appellants had filed their motions for a new trial, they filed an amendment to the motion asking for a new trial on the grounds of newly discovered evidence.

It is appellants' first contention that the court erred in not excluding the testimony of Mrs. Lena Curtis to the effect that she had heard her father say that Pitts did not put any money in the business. This was an answer brought out on cross-examination, and it could not have been prejudicial. The appellants did not show by any competent evidence that Pitts either put any money in the business, was a partner, or had any authority to bind the company. There is no evidence that there was any partnership.

It is next contended that the court erred in overruling appellants' amendment to its motion for a new trial, wherein it was alleged that Miss Minnie Burke, who lived in Fort Smith, would testify that she was an employee of defendant during the year 1929 in the month of January, during the life of R. H. Tankersley, and was employed by Ross Tankersley, Jr., and R. L. Pitts, and Pitts was recognized by Mr. Tankersley as owning an interest in the business, and, to her knowledge, issued most of the checks for bills contracted by defendant, and also ratified and approved her employment, and would issue checks and sign the firm's name, by him, for her salary; that this witness was unknown to plaintiff prior to said trial, and that she would testify further that the defendants bought the articles mentioned in the account, and that she saw them in the possession of defendants.

It was alleged that plaintiffs are nonresidents of the State, and that their attorney did not know of this witness until after the trial.

The record shows that on March 20, 1931, this case was postponed until April 8; that on April 8 the defendants filed a verified answer denying each and all the allegations of the complaint. The appellants knew on March 20 that defendants claimed that Pitts had no authority to make any contract.

On April 8, when defendants filed their answer, appellants knew that defendants denied any partnership, and denied any authority of Pitts to make contracts or sign checks.

On the same day, April 8, the cause went to trial in the circuit court. After starting the trial on the 8th, the court continued the case on motion of the plaintiffs for the term, which meant a continuance for six months. The plaintiffs had all this time after they knew what the issues were. They knew that defendants denied Pitts had any authority; they denied receiving the goods, and knew all of the defenses set up in appellee's answer, and no reason is shown why the plaintiffs did not introduce proof showing that the merchandise was delivered to defendants. This might have been done by the carrier who delivered it, and the record does not show why Pitts and Borengasser, and others who knew all the facts, were not produced as witnesses. There was nothing to prevent plaintiffs from subpoenaing the defendants or any other witnesses who might have known about the facts.

This court has repeatedly held that a motion for a new trial on the ground of newly discovered evidence should not only be supported by affidavits, but that a new trial would not be granted on the grounds of newly discovered evidence unless the party applying for the new trial had used proper diligence.

Here, after approximately six months' time, plaintiffs went to trial without introducing any competent evidence, either to show that a partnership existed, and, if so, who the members were, or whether Pitts or Boren-

gasser had any authority to order merchandise, make contracts, or sign checks.

The burden, of course, was on the plaintiffs to make out their case, and as to whether they did or not was a question of fact decided by the jury against the appellant.

Appellants do not ask a reversal because of any error of the court in giving or refusing to give instructions. It is therefore unnecessary to discuss the instructions.

We find no error, and the judgment is affirmed.