BROOKFIELD *v.* CALVERT FIRE INSURANCE COMPANY.

4-7068                                        170 S. W. 2d 682

Opinion delivered May 3, 1943.

768

*J. C. Brookfield,* for appellant.

*Walter N. Killough,* for appellee.

Knox, J.   In invoking the jurisdiction of this court under the authority of § 7507 of Pope's Digest, appellant seeks a reversal of an interlocutory order of the Cross chancery court denying his motion to dissolve a temporary injunction previously issued by the chancellor, staying (subject to the further orders of that court) the enforcement of a money judgment obtained against the appellees before W. Z. Campbell, a justice of the peace, in and for Wynne township, Cross county, Arkansas.

The order appealed from discloses that the issue was heard and disposed of in the trial court "upon the petition to dissolve the injunction and upon the oral testimony of W. Z. Campbell and the papers heretofore filed in this case, . . ."

The oral testimony of W. Z. Campbell was not preserved in the record and copied in the transcript.

Our reports are replete with decisions holding that, generally, where some of the testimony before the chancellor has not been brought into the record, it will be conclusively presumed that every fact essential under the pleadings to sustain the order or decree was established by the absent evidence and that such order or decree conformed to the equities of the case. *Toll* v. *Toll,* 156 Ark. 134, 238 S. W. 627; *The Security Bank & Trust Co.* v. *Krantz,* 192 Ark. 1178, 90 S. W. 2d 760; *Wilson* v. *Fouke,* 188 Ark. 811, 67 S. W. 2d 1030; *Wycough* v. *Ford and Reed,* 35 Ark. 500; *McGowan* v. *Burns,* 190 Ark. 1177, 77 S. W. 2d 970; *Smith* v. *Pettus, ante,* p. 442, 169 S. W. 2d 586; *Whatley* v. *Whatley, ante,* p. 748, 170 S. W. 2d 600.

As was said in the case of *Wilson* v. *Fouke, supra,* "in the absence of such testimony we may consider only the power of the court to make the decree rendered." Undoubtedly the trial court had the power to make this

order. The facts alleged in the complaint, if established, would bring this case within the rule announced in *Twin City Bank* v. *J. S. McWilliams Auto Co.*, 182 Ark. 1086, 34 S. W. 2d 229, where it was held that a court of chancery has the power to enjoin the enforcement of a judgment of a justice court rendered without service, where, without neglect on his part, the party against whom such judgment was rendered has lost his remedy by motion in the justice court, and also his remedy by appeal. Having jurisdiction of the suit, the court had the power to preserve and protect the rights of the parties by appropriate interlocutory orders, including the order here made denying the motion to dissolve the temporary injunction.

In the exercise of that power the court considered and acted upon testimony which is not before us, and therefore under the rule above stated we must presume that such testimony was sufficient to sustain the findings of the chancellor and that the order made by him was correct.

Affirmed.