HARVEY *v.* BAXTER.

4-7099                                      172 S. W. 2d 233

Opinion delivered June 14, 1943.

1038

*Hibbler & Hibbler,* for appellant.

*E. E. Hopson* and *DeWitt Poe,* for appellee.

KNOX, J. Subsequent to the rendition of a decree of foreclosure, but prior to sale of lands thereunder, appellant, Carter Harvey, filed his petition in the federal court seeking composition and extension of time for payment of his debts, under the provisions of the Frazier-Lemke Act. 11 U. S. C. A., § 203.

Thereafter, and while such petition was still pending in the federal court, appellants and appellee, with the assistance of the Conciliation Commissioner, reached an agreement for the reduction in amount and extension of time for the payment of the judgment above mentioned, and they jointly petitioned the chancery court for a modification of the original decree to effect such agreement. Acting upon such agreement and joint petition the chancery court, on May 6, 1941, modified the original decree so as to reduce the principal amount of the judgment to $570, and to provide that the sale should be stayed until November 1, 1941, and from year to year thereafter so long as appellants should each year pay the current taxes, the accrued interest and one-fifth of the principal of such judgment, conditioned, however, that upon appellants' failure to make any such payment when due the commissioner named in the original decree should sell the land to satisfy the balance of the judgment then remaining due and owing. The modification decree provided that except as modified the original decree should remain in full force and effect.

On June 6, 1941, there was filed with the federal court the report of the Conciliation Commissioner praying for a dismissal of the bankruptcy proceeding, and there was also filed a motion by Carter Harvey praying for dismissal thereof, and the findings and order of the court thereon are that the court "doth find that the claim of John Baxter, Dermott, Arkansas, in the amount of approximately $1,700, secured by mortgage, was re-

duced to the sum of $570, and the debtor was permitted to pay the same off in five equal installments, payable annually, beginning in the fall of 1941, and ending in 1946, bearing. interest at the rate of six per cent. per annum; and that the same was a fair and just settlement; and the petition herein should be dismissed''; and the court thereupon dismissed the petition in bankruptcy.

Appellants failed to make the annual payment which fell due in 1941, and the commissioner of the chancery court sold the property on January 3, 1942, and reported his action to the court, and sale was by it confirmed on January 5, 1942, and deed made to appellee as purchaser.

On September 9, 1942, appellants filed a motion to vacate the order of May 6, 1941, modifying the decree, and, also, to set aside the sale. The gravamen of this motion is that on May 6, 1941, the exclusive jurisdiction was vested in the federal court and that the chancery court lacked power to enter the modification decree on that date, without the consent of the federal court.

On October 19, 1942, the chancery court, after hearing, dismissed appellants' petition, and from the order of dismissal this appeal is prosecuted.

The order. appealed from discloses that the issues were submitted to the trial court upon various matters, some of which do and others do not appear in the record.

Among the recitals of the order we find the following:

" 'There was also introduced the record . . . in the federal court . . .; the adjudication under the bankruptcy proceedings, wherein the Conciliator . . . reached an agreement with the plaintiffs . . . and the defendants, prior to May 6, 1941, . . . that the bankruptcy proceedings would be . . . and were by . . . the conciliator dismissed.' ' . . . There was introduced evidence showing that since the confirmation of the sale . . . John Baxter has sold this property . . . .' ''

1040

None of the matters referred to in the language quoted have been preserved in the record and copied in the transcript. Under the rule announced in numerous opinions it will be conclusively presumed that every fact necessary to sustain the decree was established by the absent evidence, and that the decree of the chancellor conformed to the equities of the case. *Toll* v. *Toll,* 156 Ark. 134, 238 S. W. 627; *The Security Bank & Trust Co.* v. *Krantz,* 192 Ark. 1178, 90 S. W. 2d 760; *Wycough* v. *Ford & Reed,* 35 Ark. 500; *Smith* v. *Pettus, ante,* p. 442, 169 S. W. 2d 568; *Brookfield* v. *Calvert Fire Ins. Co., ante,* p. 767, 170 S. W. 2d 682.

Affirmed.