DIXON *v.* BULLOCK.

4-7121                174 S. W. 2d 449

Opinion delivered October 18, 1943.

*Jas. S. McConnell,* for appellant.

*George E. Steel* and *George R. Steel,* for appellee.

HOLT, J. This litigation was begun in the early part of 1938 and grew out of a dispute between appellant, Jeff Dixon, and appellee, Mattie Bullock (a colored woman), over the division line between a tract of land owned by appellant and a tract owned by appellee. On July 6, 1938, there was a decree directing a survey to fix the boundary line in question. Following this decree, on June 27, 1939, a compromise agreement, in writing, was entered into between the appellant and appellee. This agreement was signed by Jeff Dixon, appellant, and Mattie Bullock's attorney, and later approved by the court. Under the terms of this agreement, there was a provision, that Dixon should have the right of egress and ingress, from Mattie Bullock, over her land, to a 12-acre tract of land which he owned. Subsequent to this agreement, Mattie Bullock rented her tract of land to Reginald

Westfall (a white man), who, sometime after taking possession, closed the passage-way.

Thereafter, on April 28, 1941, appellant filed suit in the Howard chancery court against Westfall, Mattie Bullock's tenant, for damages for obstructing the passage-way. The cause was transferred to the Howard circuit court. Quoting from appellant's brief: "The cause was tried on the question of damages . . ., but (on) the question of restraining the defendant and Mattie Bullock, who was brought in by the defendant, Westfall, by his answer and cross-complaint, the circuit court sent it back to chancery. After it was remanded to chancery the appellant amended his complaint and prayed for a vacation and setting aside the compromise agreement on the grounds that the parties had violated the agreement by denying him the right-of-way to his 12 acres."

The cause was heard by the chancery court on December 31, 1942, and there was a decree confirming the compromise agreement in all things except that provision which gave appellant, Dixon, a right-of-way over appellee's land to his 12-acre tract. The decree recited: "Hearing on injunction and the court finds that an agreement has been made in writing modifying original judgment and that such agreement is binding on all the parties and land lines settled as per agreement and survey. The court finds that the agreement speaks the truth and agreement except that there was never any agreement for right-of-way through her (Mattie Bullock's) land. Plaintiff is enjoined from using the road through dft's land."

The decree also recites that "the cause is submitted to the court on the amendment to the complaint, the original complaint and evidence."

Following this decree, on January 13, 1943, appellant filed what he terms "Petition and Motion to Set Aside and Modify the Decree in this Cause."

In support of this motion, appellant alleges, among other things: "2. That since the said trial the plaintiff has been informed and can prove by the said Honorable

Alfred Featherston that the said defendant, Mattie Bullock, not only agreed to the said compromise agreement before it was executed, but after it was executed her said attorney delivered to the said defendant a copy of the same and received from her approval thereof in writing. 3. Plaintiff states that he is informed and believes that her said attorney now has in his files his letter of transmittal of the said agreement to the said defendant, and her acceptance thereof; that, heretofore, in the litigation in circuit court her said attorney refused to disclose in evidence `the contents of said correspondence on account of its being privileged; that the said attorney should be forced by this court to disclose the contents of the said correspondence and to show to the court that the said defendant perpetrated a fraud on this court and on this plaintiff. 4. That plaintiff be granted a rehearing and that the decree and order made December 31, 1942, be vacated and set aside and the decree originally rendered in this cause on the 6th day of July, 1938, be reaffirmed and the compromise agreement canceled on account of the various and sundry breaches of the said compromise."

On January 28, 1943, this motion was presented to the court, appellant being present with counsel and Mattie Bullock appearing without counsel. As to the proceedings on the motion, we quote from the decree. "After the said petition was read, the court refused to hear any evidence which was then and there offered and without hearing any evidence made the following notation on his docket: '1/28/43 Petition to vacate decree. Petition refused. Appeal prayed and granted.' To the refusal of the court to hear evidence in support of his petition and motion, the plaintiff at the time excepted and had his exceptions noted." An appeal to this court was prayed and granted.

Appellant says: "There are two questions presented by this record. 1. Did the court err in forcing the appellant to perform the part of the compromise agreement beneficial to the appellee and not requiring appellee to perform that part beneficial to appellant? 2. Did

the court err in refusing to hear appellant on his petition to vacate the decree entered on December 31, 1942?''

1. In answer to appellant's first question, it appears from the court's decree (*supra*) of December 31, 1942, that the decree was based upon the pleadings and evidence presented. The evidence presented has not been shown in the record here, and copied in the transcript. There is no bill of exceptions before us. As we said in the recent case of *Harvey* v. *Baxter,* 205 Ark. 1037, 172 S. W. 2d 233, ''Under the rule announced in numerous opinions it will be conclusively presumed that every fact necessary to sustain the decree was established by the absent evidence, and that the decree of the chancellor conformed to the equities of the case. *Toll* v. *Toll,* 156 Ark. 134, 238 S. W. 627; *The Security Bank & Trust Co.* v. *Krantz,* 192 Ark. 1178, 90 S. W. 2d 760; *Wycough* v. *Ford & Reed,* 35 Ark. 500; *Smith* v. *Pettus, Curator,* 205 Ark. 442, 169 S. W. 2d 586; *Brookfield* v. *Calvert Fire Ins. Co.,* 205 Ark. 767, 170 S. W. 2d 682.'' We find, therefore, no error as to this contention.

2. We are also of the opinion that the court did not err in denying appellant's motion for a rehearing on the decree of December 31, 1942. The effect of this motion, the essential parts of which have been set out, *supra,* is ''that plaintiff (appellant) be granted a rehearing,'' or a new trial on the grounds of newly-discovered evidence. We think it clear from the record, that appellant has failed to show due diligence in discovering and producing the evidence in question. As above noted, appellant alleged, in his motion, that he had been informed and could prove, by Mattie Bullock's attorney, that she not only agreed to the compromise agreement before and after its execution, but wrote her attorney a letter to that effect and that ''heretofore, in the litigation in circuit court, her said attorney refused to disclose, in evidence, the contents of said correspondence on account of its being privileged.'' It thus appears that appellant knew of this evidence as early as October, 1942, when the trial was had in the Howard circuit court. It is obvious then, that he must have known of this evidence on December

31, 1942, when the cause was tried in the Howard chancery court and the decree rendered, and, if competent, which we do not now decide, could have been introduced at that time.

There appears to be no rule better settled than that one, relying on newly-discovered evidence to obtain a rehearing, or a new trial, must show that he exercised due diligence in discovering and producing such evidence before the trial. *Turner* v. *Richardson,* 188 Ark. 470, 65 S. W. 2d 1071, and *Citruc Products Company, Inc.* v. *Tankersley,* 185 Ark. 965, 50 S. W. 2d 582.

We conclude that the court, in the exercise of sound discretion, was justified in denying appellant's motion. No error occurring, the decree is affirmed.