HARALSON v. EDLEN.

4-7511

184 S. W. 2d 909

Opinion delivered January 22, 1945.

*John D. Eldridge, Jr.,* and *J. Ford Smith,* for appellant.

*W. J. Dungan,* for appellee.

Robins, J. This suit involves a controversy as to ownership and right of possession of approximately sixty-six acres situated between the levee and White river in Woodruff county, Arkansas.

Appellants in their complaint, asking that their title be quieted and that appellee be dispossessed, asserted ownership by virtue of descent from their mother, devisee of their father, who, they allege, acquired it at a tax sale in 1918, and also by virtue of payment of taxes for twenty-four years.

Appellee in his answer and cross-complaint claimed title solely by adverse possession, which he alleged had existed continuously, as to a part of the land, since 1916, and as to practically all of it since 1934. Appellee alleged that during this time he had built houses, fences and other improvements and had cleared and put in cultivation fifteen acres. He did not deny payment of taxes on the land by appellants, but alleged that they had forcibly taken from him corn of the value of $75 and that they had removed from the land timber of the value of $150.

Simultaneously with the filing of his answer appellee filed suit in the lower court against Burl Beeman (whom appellee had charged in his answer and cross-complaint as being the agent of appellants) praying that Beeman be enjoined from trespassing on the land and for

judgment against Beeman for the value of the corn and timber alleged to have been removed from the land by Beeman.

The two suits were consolidated for trial and the oral testimony of seventeen witnesses was heard. After the case was submitted to the chancellor a stipulation signed by counsel for both sides was sent to him. What purports to be a copy of this stipulation appears in the transcript, but does not appear to have been filed with the clerk nor was it brought in the record by bill of exceptions. The oral testimony taken before the lower court was not preserved or brought into the record in any manner.

The chancery court in its decree found that "the facts set forth in the stipulation and the oral testimony taken by court do not show title to the lands in controversy to have been vested in the plaintiffs (appellants here); . . ." that "the oral testimony and the stipulation do not show that the defendant has had actual possession of any part of the lands in controversy for at least seven years or has any other title to said lands; . . ." that "the complaint in this cause to the extent of praying for an injunction against the defendant, Burl Beeman, is sustained." The ordering part of the decree is: "It is, therefore, considered, ordered and decreed by the court that the complaint of the plaintiffs, R. J. Haralson, John Penn Haralson and Mrs. Aileen Haralson Williams, is dismissed for want of equity; . . . that the cross-complaint of the defendant, Richard Edlen, also known as Pat Edwards, is dismissed for want of equity; . . . that the complaint of the plaintiff, Richard Edlen, in cause No. 4639, is dismissed for want of equity as to the allegation for damages; the defendant, Burl Beeman, in said cause, is hereby restrained and enjoined from going upon the lands in possession of the plaintiff, Richard Edlen, or otherwise exercising any control over or possession of any of the lands described in the complaint that were in possession of the plaintiff, Richard Edlen, at the time of the filing of the complaint in this cause, the lands being described as Fr. N½ of Fr. SW¼,

section 33, township 7 north, range 4 west, Woodruff county, Arkansas.''

To reverse this decree the plaintiffs (in cause No. 4636 below), R. J. Haralson, John Penn Haralson and Mrs. Aileen Haralson Williams, prosecute this appeal. Burl Beeman, defendant in cause No. 4639, has not appealed.

It is argued by appellants that the findings of the lower court, as set forth in the decree, taken in connection with the stipulation, were sufficient to show conclusively that appellants were the owners of the land.

This stipulation was never properly brought into the record, and, for that reason, may not be considered by us. A stipulation of counsel, like other oral evidence, should be brought upon the record by bill of exceptions. *Robinson* v. *Cross,* 82 Ark. 242, 101 S. W. 754. ''The agreement concerning the facts can only be brought upon the record by a bill of exceptions or by incorporation into the judgment entry. The mere filing of the agreed statement of facts does not make it a part of the record.'' *Satterfield* v. *Loupe,* 160 Ark. 226, 254 S. W. 489. ''The mere filing of an agreed statement of facts does not make it a part of the record where it is not brought up in a bill of exceptions nor incorporated in the judgment entry.'' (Headnote) *Great Southern Fraternal Union* v. *Stroud,* 169 Ark. 509, 275 S. W. 753. In the recent case of *Evans* v. *Davidson,* 207 Ark. 865, 180 S. W. 2d 127, we said: ''We have many times held that the mere filing with the clerk of an agreed statement of facts does not make it a part of the record. It must either be brought into the record by a bill of exceptions, or it must be in corporated in the judgment itself, before this court can consider it.'' *Woodruff* v. *Dickinson,* 199 Ark. 663, 135 S. W. 2d 667.

But, even if this stipulation were properly a part of the record, it does not purport to have been intended by the parties or accepted by the court as supplanting the testimony. The decree recites that the cause was heard ''upon . . . the oral testimony of witnesses taken before the court on behalf of all parties and upon

a written stipulation signed by the attorneys for the parties filed in said causes.''

On appeal from a decree of the chancery court we try the case *de novo*. Therefore we must review all the testimony presented in the trial below, and, if this testimony, or any part thereof, is not properly brought up in the transcript filed in this court, we must presume that the omitted testimony was sufficient to sustain the decree of the lower court.

In the case of *Wilson* v. *Fouke,* 188 Ark. 811, 67 S. W. 2d 1030, we said: ''Testimony was heard in the court below, before rendering the final decree from which this appeal comes, which has not been brought into the record, and we must therefore presume that it was made to appear to the court that the decree rendered conformed to the equities of the case, and, in the absence of such testimony, we may consider only the power of the court to make the decree rendered.'' Mr. Justice Knox, speaking for the court, in the case of *Brookfield* v. *Calvert Fire Insurance Company,* 205 Ark. 767, 170 S. W. 2d 682, said: ''Our reports are replete with decisions holding that, generally, where some of the testimony before the chancellor has not been brought into the record, it will be conclusively presumed that every fact essential under the pleadings to sustain the order or decree was established by the absent evidence and that such order or decree conformed to the equities of the case. *Toll* v. *Toll,* 156 Ark. 134, 238 S. W. 627; *The Security Bank & Trust Co.* v. *Krantz,* 192 Ark. 1178, 90 S. W. 2d 760; *Wilson* v. *Fouke,* 188 Ark. 811, 67 S. W. 2d 1030; *Wycough* v. *Ford & Reed,* 35 Ark. 500; *McGowan* v. *Burns,* 190 Ark. 1177, 77 S. W. 2d 970; *Smith* v. *Pettus,* 205 Ark. 442, 169 S. W. 2d 586; *Whatley* v. *Whatley,* 205 Ark. 748, 170 S. W. 2d 600.''

Since this cause was tried in the chancery court on the oral testimony of witnesses, as well as on the stipulation, and none of this testimony has been preserved or brought into the record, the decree of the lower court must be affirmed.