LAWRENCE *v*. CALVERT FIRE INSURANCE COMPANY.

4-8448                                                      211 S. W. 2d 119

Opinion delivered May 24, 1948.

*J. C. Brookfield,* for appellant.

*W. N. Killough,* for appellee.

GRIFFIN SMITH, Chief Justice. Litigation dealt with by the appeal began in 1941 when A. D. Lawrence wrecked a 1937 Ford "pickup" truck by driving it into a ditch near Wynne. Lawrence purchased the vehicle from Kinsey Motor Co., at Forrest City, title notes having been sold to Commercial Credit Corporation. Certain risks were covered by Calvert Fire Insurance Company.

There is testimony from which an inference arises that Lawrence, after the wreck, did not endeavor to salvage the damaged truck; whereupon Fire Adjustment Bureau of West Memphis sent A. J. Boots to look after the Calvert Company's interests. H. K. Barwick, operating the Ford Garage at Wynne, was engaged to tow the truck to his place of business. This service was sublet at a cost to Barwick of $20. At the instance of the Insurance Company an appraisement of damages was made and the estimate of $162.51 accepted. Settlement upon this basis was made, a check for this amount, less $50

"deductible," having been delivered to Finance Corporation, whose debt exceeded the remittance.

J. C. Brookfield, an attorney of Wynne, was employed by Lawrence. Brookfield is now dead. His estate is represented by Ada V. Burns, Administratrix.

In September 1941 Brookfield signed the proof of loss, in which it was shown that Commercial Credit Corporation held a title lien, and that actual value when the wreck occurred, or immediately prior thereto, was $275. There was also an affirmative statement by the Insurance Company that payment would be made to Credit Corporation.

On behalf of Barwick there is testimony that Brookfield, representing Lawrence, did not desire that expenses incident to repairing the truck be incurred. Brookfield contended that Barwick undertook to hold the property for towage charges and for repairs it was alleged were to be made. Barwick denied this, saying he offered to waive even the $20 and turn the truck over to Brookfield. Finally Brookfield refused to accept the truck unless the Insurance Company procured an acquittance from Finance Corporation. Since the parties were unable to agree, Brookfield, who by intervention alleged a joint interest with Lawrence in the subject-matter, filed suit in replevin, effect of which was to charge that the truck had been converted by Barwick and the Insurance Company.

October 17, 1941, a "writ of replevin and summons" issued from the court of W. Z. Campbell, Justice of the Peace, commanding the Sheriff to take the truck from Barwick and the Insurance Company, "and hold the same subject to the order and decision of the Court." No value was stated, nor was a money judgment asked. Contention of the appellees is that, by consent, the cause was continued indefinitely in order that the parties might reach a settlement, Barwick insisting that he did not claim the truck and had at all times been willing to deliver it to the rightful owner. The summons issued by Campbell called for a hearing October 30. November 18th Brookfield wrote Barwick, declining a settlement that had been pro-

posed, but making another offer. The J. P. docket shows that the cause was continued from October 30 to November 10, and on November 10th it was continued to the 21st, when judgment was entered against Barwick and the Insurance Company for $288.05.

The Insurance Company says it was not served with summons, did not enter its appearance, and did not have notice of the proceedings at that time. Barwick thought his name had been included in the summons as a legal formality and did not know a claim was urged against him, and time for appeal expired before either defendant knew that judgment by default had been rendered. They successfully applied to Chancery for a temporary injunction to prevent the Sheriff from levying execution.

An interlocutory order denying a motion to dissolve reached this Court on appeal and the Chancellor was affirmed in an opinion by Mr. Justice Knox May 3, 1943. *Brookfield* v. *Calvert Fire Insurance Co.*, 205 Ark. 767, 170 S. W. 2d 682. In the opinion it was said that the power of Chancery to enjoin enforcement of a judgment rendered without service was unquestioned, where without negligence the defendant has lost his remedy at law. Primarily, however, the lower court was affirmed because essential testimony had not been preserved and brought up by bill of exceptions.

It was subsequently alleged in the case at bar that the Chancellor was arbitrarily continuing the temporary order upon the ground that necessary witnesses were serving in armed forces of the United States and their attendance could not be compelled. A petition by Lawrence "For Mandamus and Prohibition" was denied by this Court in October 1943.

Thereafter the cause was set for hearing, resulting in a decree of May 26, 1947, making the injunction permanent. The Chancellor found that the judgment of November 21, 1941, was by default, and taken without notice that the cause would be heard at that time. There was an agreement, he said, that continuance would be for an indeterminate period, with an understanding that, before

546

further action, Brookfield would inform the defendants in time for trial, and that there had been failure to abide the agreement.

A review of the record is not convincing that the Chancellor's findings are contrary to a preponderance of the testimony; hence the decree is affirmed.