STOCKTON v. BAKER.

4-8554                                                    213 S. W. 2d 896

Opinion delivered October 11, 1948.

John Baxter and Hopson & Hopson, for appellant.

James Merritt, Tom F. Digby and Gerland P. Patten, for appellee.

HOLT, J. This litigation grew out of a head-on collision between two automobiles on a paved street within the city limits of Prescott, at about 4:00 p. m., May 13, 1946. The day was clear and the pavement dry. The mishap resulted in personal injuries to Mrs. Lillie Baker, driver of one of the cars, and in injuries and the subse-

quent death of her husband, John E. Baker, who was riding in the car, with her, in the front seat at the time. Both cars were almost completely demolished. Appellant, Jesse Stockton, driver of the other car, a taxicab, also received personal injuries.

August 27, 1946, Mrs. Lillie Baker, in her own right, sought damages for personal injuries from appellant Stockton, and also damages to her car. In the same complaint, she also sought to recover $10,000 for the benefit of her husband's estate.

Stockton answered with a general denial and affirmatively pleaded contributory negligence of both Mrs. Lillie Baker and her husband, and by way of cross complaint sought to recover for personal injuries and for damages to his taxicab.

On the issues joined, a jury returned a verdict for appellee, Lillie Baker, as administratrix of the estate of John E. Baker, deceased, only, in the amount of $6,500, and from the judgment is this appeal.

For reversal, appellant argues (1) that the collision and the damages resulting therefrom were due solely to the negligence of Mrs. Lillie Baker; that Stockton was not shown to be guilty of any negligence, and that there was no substantial evidence to support the verdict returned; and (2) says, in any event, "the judgment must be reversed and the cause remanded for a new trial, for either one of the following reasons: (a) The court erred in not ordering a mistrial when appellee's witness testified that there was an insurance policy involved. (b) . . . in granting appellee's instruction No. 2. (c) . . . in giving instruction No. 10. (d) Appellee and her husband were engaged in a joint enterprise. (e) Because the verdict and judgment are excessive and makes Lillie Baker the beneficiary of her own wrong."

## (1)

As in most cases of this nature, the evidence was conflicting with each party attempting to shift the blame. The testimony tended to show, however, when stated in

the light most favorable to appellee, as we must do, that Mrs. Lillie Baker, in company with her husband, was driving her automobile along a paved street in the city of Prescott in front of three or four other cars, and from 20 to 30 feet behind a large truck, which obstructed the view of oncoming cars. She was at the time within the city limits and driving from 20 to 25 miles per hour. The city's speed limit was 25 miles per hour. In attempting to pass the truck, Mrs. Baker pulled to the left over the black center line, dividing the pavement, to ascertain whether the way was clear, and just as she did so, her car was immediately struck head-on by an oncoming taxicab driven by Stockton at a speed of approximately 50 miles per hour. The impact was so great that both cars were practically demolished and as noted above, both Mrs. Baker and Stockton received personal injuries and Mrs. Baker's husband, John E. Baker, who was seated beside her, received injuries from which, after much conscious pain for several days, died.

It would serve no purpose to detail all the testimony. The jury evidently found that both Lillie Baker and Stockton were guilty of negligence such as would preclude a recovery on behalf of Stockton or Lillie Baker in her own right. It does not follow, however, that Lillie Baker as administratrix of the estate of John E. Baker, deceased, should be denied recovery for the benefit of her husband's estate, unless her negligence should be imputed to her husband in the circumstances here.

There was evidence that Mrs. Lillie Baker owned the car which she was driving and had control and management. Her husband was seated by her side, to her right, with his view obstructed by the truck, and after his wife had driven the car a sufficient distance to the left to enable him to see ahead, he observed the oncoming taxicab and shouted, "look out, look out, look out," but almost immediately the collision occurred. Whether, in the circumstances, John E. Baker was guilty of contributory negligence was a question for the jury. The governing rule was recently stated by this Court in *Willbanks* v. *Laster*, 211 Ark. 88, 199 S. W. 2d 602, in this language: "A person riding in an automobile driven by

another, even though generally not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable care to avoid injury. The care exacted is that which an ordinarily prudent person would exercise under like circumstances. The law fixes no different standard of duty for a passenger in an automobile than for the driver. Each is bound to use reasonable care. What conduct on the passenger's part is necessary to comply with this duty must depend upon all the circumstances, one of which—and unquestionably an important one—is that he is merely a passenger having no control over the management of the vehicle in which he is riding.''

As indicated, whether appellant's husband was guilty of contributory negligence in the circumstances, was for the jury, and we are unable to say, on the testimony presented, that there was no substantial evidence upon which the jury must have found that he was free of negligence.

(2)

(d) Appellant insists, however, that Mrs. Lillie Baker and her husband were engaged in a joint enterprise such as would preclude recovery. On this issue there was testimony, as has been indicated, that the car which Mrs. Baker was driving belonged to her. Mrs. Baker had been on a visit to her sisters in Emmet, Arkansas, and had invited her husband to accompany her. She had been driving automobiles for approximately 17 years and was an experienced driver. Her husband was a retired railroad engineer and did not own or drive an automobile. Whether she and her husband were on a joint mission or enterprise, in the circumstances, was properly submitted to the jury under instruction No. 5, given at appellant's request. ''You are instructed that if you find from a preponderance of the evidence that J. E. Baker and his wife were engaged in a joint enterprise, the negligence of Lillie Baker, if any, would be imputed to her husband, J. E. Baker. In order for a joint enterprise to arise two fundamental and primary requisites must concurrently exist, to-wit: A community of

interest in the object and purpose of the undertaking in which the automobile is being driven, and an equal right to direct and govern the movements and conduct of each other in respect thereto. If either or both of these elements is absent, there is no joint enterprise."

This instruction followed the rule announced by this Court in *Lockhart* v. *Ross*, 191 Ark. 743, 87 S. W. 2d 73. There we said: "In Cyc. of Automobile Law and Practice, Blashfield, Vol. 4, Ch. 65, p. 171, § 2372, it is said: 'A person accepting an invitation to ride in the automobile of another does not, merely, by reason of such fact, thereby engage in such common enterprise or joint adventure with the driver as to absolve either from liability to the other for an act of negligence.' An essential, and perhaps the central, element which must be shown in order to establish a joint enterprise is the existence of joint control over the management and operation of the vehicle, and the course and conduct of the trip. There must, as said in another connection, in order that two persons riding in an automobile, one of them driving, may be deemed engaged in a joint enterprise for the purpose of imputing the negligence of the driver to the other, exist concurrently two fundamental and primary requisites, to-wit, a community of interest in the object and purpose of the undertaking in which the automobile is being driven, and an equal right to direct and govern the movements and conduct of each other in respect thereto. 'If either or both of these elements is absent, the absence thereof is fatal to the claim of joint enterprise.' "

(a) It is next contended that the court erred in not granting a mistrial "when appellee's witness testified that there was an insurance policy involved." On cross-examination of witness, Mary Hubbard, by appellant, the following occurred: "Q. Now, Mrs. Hubbard, have you hired an attorney in Prescott for the purpose of bringing a lawsuit in connection, (Interrupted) A. I haven't so far, no. Well, yes, I did but he was bought off by the insurance company and Jesse Stockton."

There was no error in admission of this testimony for either of two reasons. First, it was brought out by

appellant himself on cross-examination and he cannot complain. Second, the record discloses that there was no objection made and no exceptions saved.

(b) Appellant also alleges error in giving appellee's instruction No. 2. This instruction, in effect, says appellant, "states that the jury would find that the plaintiff was not guilty of negligence if, at the time of the collision, she was in the act of ascertaining whether the highway was clear and free of oncoming traffic for a sufficient distance ahead to permit her to overtake and pass the vehicle in front of her and was acting as an ordinary prudent person would have acted under the same or similar circumstances."

This instruction was given in connection with Mrs. Lillie Baker's suit to recover in her own right and since the jury by its verdict must have found that Mrs. Lillie Baker was guilty of such negligence as to preclude recovery in her own right, appellant cannot complain, and his contention becomes immaterial.

(c) Appellant also contends that it was error for the court to give on its own motion, instruction No. 10, as follows: "As between Mrs. Lillie Baker suing in her own right and as widow of the deceased, John E. Baker, and as Administratrix, and the defendant and cross complainant, Jesse Stockton, if you find from the evidence that Mrs. Baker was not guilty of any negligence as defined in these instructions and that Jesse Stockton was guilty of negligence and that his negligence, if any, caused or contributed to the injuries and damage complained of, your verdict will be for the plaintiff, Mrs. Lillie Baker, suing in her own right and as widow of the deceased and as Administratrix. If you believe from the evidence that Jesse Stockton at the time of the collision complained of, was free of any negligence and that the collision was caused solely by the negligence, if any, of Mrs. Lillie Baker, then your verdict would be for Jesse Stockton on his cross complaint as against Mrs. Lillie Baker. If you find from the evidence that Mrs. Lillie Baker at the time complained of was guilty of negligence as defined in these instructions and that Jesse Stockton

was also guilty of negligence as defined in these instructions, Mrs. Lillie Baker, as Administratrix of the Estate of John E. Baker, deceased, would be entitled to recover as Administratrix for benefit of the Estate of John E. Baker, deceased, if you find that they were not engaged in a joint enterprise at the time and that the negligence, if any, of Mrs. Lillie Baker should not be imputed to John E. Baker, as is defined to you in these instructions.''

Appellant's specific objection was: ''Instruction No. 10 is specifically objected to because it is long and confusing; that that part of the instruction which leaves it for the jury to determine if Mr. and Mrs. Baker were on a joint enterprise is erroneous for the reason that there is no evidence in the record forming the basis upon which that part of the instruction relating to joint enterprise could be based.''

In his argument, appellant says that ''this instruction was inherently wrong because it did not submit to the jury the question of the contributory negligence, if any, of John E. Baker, deceased.''

Appellant's objection is untenable for the reason that he made no specific objection to the instruction on the ground that it failed to submit to the jury the question of contributory negligence of the deceased.

The above instruction No. 10, in its general terms, was clear and correct. We said in *Western Coal & Mining Company* v. *Burns,* 84 Ark. 74, 104 S. W. 535: ''A party cannot complain of the failure of the court to instruct on a given point in a case unless he himself asks for a correct instruction. *Allison* v. *State,* 74 Ark. 444. Especially is this true where a correct instruction on the subject in general terms has been given, and the party is asking for a specific one.''

(e) On the question of the excessiveness of the verdict in favor of the estate of John E. Baker, deceased, but little need be said. He was injured May 13, 1946, taken to a Prescott hospital and removed to the Missouri Pacific Hospital in Little Rock on the 20th, and died on the 24th. During a large part of this time he was con-

scious and suffered excruciating pain. The evidence disclosed he had broken ribs, broken legs, punctured lungs, internal injuries, bleeding from ears and nose, draining spinal fluid through the ears, unable to swallow, breathing with difficulty, and was heard to cry out "Help me! Help me! Breathe for me!" He was 69 years old and had a life expectancy of 8.97 years. We are unable to say, in the circumstances, that an award of $6,500 was excessive.

Finally, appellant says that the trial court erred in refusing to grant a new trial on newly discovered evidence. The nature of the alleged newly discovered evidence was that the records in the Tax Assessor's office for Desha county showed that on the 19th day of March, 1946, the Chrysler automobile which Mrs. Lillie Baker was driving at the time of the mishap and which she claimed to own, was assessed in the name of J. E. Baker of McGehee, Arkansas, Mrs. Lillie Baker's deceased husband. Obviously this evidence was a matter of public record. It was, in the circumstances, within the sound discretion of the trial court to determine whether appellant had used due diligence to discover this testimony. The rule is announced in *Citrus Products Company, Inc.*, v. *Tankersley*, 185 Ark. 965, 50 S. W. 2d 582, where this Court said: "This Court has repeatedly held that a motion for a new trial on the ground of newly discovered evidence should not only be supported by affidavits, but that a new trial would not be granted on the grounds of newly discovered evidence unless the party applying for the new trial had used proper diligence. Here, after approximately six months' time, plaintiffs went to trial without introducing any competent evidence, either to show that a partnership existed, and, if so, who the members were, . . . "

In the instant case, it appears that appellant had ample time before trial in which to discover this evidence and prepare for trial. We are unable to say that the trial court abused its discretion in denying a new trial.

On the whole case, finding no error, the judgment is affirmed.