BENNETT *v.* GUNDOLF.

5-3358                                             383 S. W. 2d 289

Opinion delivered November 2, 1964.

*Robert N. Hardin* and *Patten & Brown,* for appellant.

*Gannaway & Darrow,* for appellee.

PAUL WARD, Associate Justice. Appellant DeWitt Bennett III sued three of his young acquaintances to recover damages for personal injuries received when he was run over by his own car. The question of joint adventure also enters into the case.

In order to understand the issues raised (particularly that of joint adventure) it is necessary to set out in some detail the facts and circumstances out of which appellant's injuries arose. The three defendants, Billingsley, Gundolf, and Boswell left Benton at about 10 p.m. and drove a short distance to a "bauxite pit" to go swimming and plan a party for the following day. Billingsley drove his father's car and took Boswell with him. Gundolf followed in his own car. Appellant (apparently

finding out about the swimming party) drove out to the bauxite pit, arriving about 20 minutes after the other three. It is admitted he had been drinking during that evening. At any rate, shortly after appellant arrived he lay down on the ground and went to sleep. The other boys did not go swimming that night, but they did decide to go skiing the next day. It was disclosed by appellant upon arrival that he might have trouble starting his car when the time came to leave. Therefore, when the boys were ready to go home Billingsley and Gundolf undertook to start appellant's car. In doing so they asked Boswell to stay with appellant, and they pushed his car, with Billingsley's car, some distance from the original parking area. In a short time they succeeded in starting appellant's car, and Billingsley drove it back while Gundolf drove Billingsley's car. When Billingsley arrived in appellant's car at the place where the boys had been assembled he ran over (and injured) appellant who was still lying on the ground.

After (apparently) suit was filed by appellant, Billingsley's Insurance Company paid $9,500 and he was released. Upon trial the court instructed a verdict in favor of Boswell and the jury returned a verdict in favor of Gundolf.

For a reversal appellant on appeal urges only two points.

*One.* In the case of Gundolf it is urged that the trial court erred in refusing appellant's requested Instruction No. 5 which defined joint venture or joint adventure. It is unnecessary to copy the instruction here because appellee concedes it is a correct abstract statement of the law. It is, however, insisted by appellee that the instruction was properly refused since it was not supported by any evidence. To be specific, appellee says (and we agree) that one of the two necessary elements of any joint venture is the equal right of each person to direct and govern the movements and conduct of the other person in respect thereto. See: *Stockton* v. *Baker,* 213 Ark. 918, 213 S.W. 2d 896; *Wymer* v. *Dedman,* 233 Ark. 854,

350 S.W. 2d 169; and *Woodard* v. *Holliday*, 235 Ark. 744, 361 S.W. 2d 744.

Again, we agree with appellee Gundolf that the record discloses no evidence from which a jury could find that he (or Boswell) had any right (or opportunity) to direct and govern Billingsley when he drove the car over appellant. Neither Gundolf or Boswell was in the car with Billingsley nor was it at any time planned for them or either of them to be. In fact, the record discloses that Billingsley knew more than the others about starting appellant's car since he had worked on it previously.

*Two.* As previously indicated Boswell could not be held liable for appellant's injuries on the theory of a joint adventure, but appellant further contends that a jury question was presented as to Boswell's negligence in failing to protect appellant. The trial court instructed the jury to return a verdict for Boswell, and we think it was proper to do so. The evidence is that Boswell was sitting in Gundolf's car when Billingsley returned in appellant's car. It appears that Billingsley knew as well as Boswell that appellant was lying on the ground and also where he was lying. It is not shown that Boswell knew Billingsley was going to run over appellant in time to prevent him from doing so. It is not shown that Boswell was left behind for the purpose of protecting him from being run over. The evidence is that when the two boys went off to start appellant's car Boswell was asked to "stay with Dee" (appellant), and he said he would.

Finding no substantial evidence of negligence on the part of Boswell, we must affirm the action of the trial court.

Affirmed.